## BANCROFT vs. GROVER.

*Award of arbitrators.*

1. A mistake alleged by one of the parties to an arbitration to have been made by him in his testimony on the hearing, in respect to a matter to which his attention seems to have been distinctly called, is no sufficient reason for setting aside the award.
2. Where all the questions submitted to arbitration relate to the mutual indebtedness of the parties, an award by the arbitrators stating in general terms " that, in the matters of difference submitted to them, they find that the one party owes the other" a certain sum, is sufficient, and is to be construed as including all the matters referred.
3. The description of a note in an award as " the note of A. B." may be made definite by extrinsic evidence.
4. Awards should be fairly and liberally construed with a view to give them effect, and to accomplish the ends of justice, and the intentions of the parties.

APPEAL from the Circuit Court for *Portage* County.

The parties to this action agreed by written articles to submit to the determination of arbitrators all their matters of difference, including the subject matter of a suit then pending between them in the circuit court, and all claims against each other growing out of their mutual transactions, either as indi-

viduals, or as copartners in business, and that for the amount awarded by the arbitrators to either party judgment might be entered in the circuit court. The award of the arbitrators, as filed in said court, stated that "in the matters of difference submitted to them by the parties, they found and awarded that there was due to *Bancroft* from *Grover* $205.55; that the note of McIndoe belongs to both parties; that neither party recover costs of the other; and that sixty dollars be paid to the arbitrators equally by the parties." The plaintiff moved the court to vacate the award on the grounds: 1. That said plaintiff had made a mistake in his testimony given before the arbitrators, by reason of which the amount of the award was reduced. 2. That the arbitrators had exceeded their authority in making the award. 3. That the award did not dispose of all the matters in controversy, and was so indefinite that judgment could not be rendered upon it. From an order denying the motion the plaintiff appealed.

*G. L. Park*, with *S. U. Pinney*, of counsel, for appellant, contended that the award was defective, as it failed to show that any disposition was made of the subject matter of the suit mentioned in the articles of submission. It was therefore void. *Randall v. Randall*, 7 East, 80; *Rider v. Fisher*, 3 Bing. (N. C.) 874; *Mitchell v. Stanley*, 16 East, 58; *Smith v. Butler*, 27 Vt. 301; *Tudor v. Seward*, 20 N. H. 171; *Strang v. Strang*, 9 Cush. 560; *Pettibone v. Perkins*, 6 Wis. 616; Billings on Awards, 132; Caldwell on Arbitration, 235, *et seq.* 2. The award was too indefinite and uncertain, especially as to the McIndoe note. The rule is, that "an award must be certain of itself, easily comprehended and capable of being carried into execution without the aid of extrinsic circumstances." *Howard v. Babcock*, 21 Ill. 265; *Schuyler v. Van Der Veer*, 2 Caines, 235; *Gratz v. Gratz*, 4 Rawle, 411; *Brown v. Hunkerson*, 3 Cowen, 70; *Pettibone v. Perkins*, 6 Wis. 616.

*M. H. Sessions*, for respondent, insisted that there was no

sufficient evidence of the alleged mistake in appellant's testimony to warrant setting aside a verdict or an award. 10 Wend. 286; 22 id. 576; 1 Graham & Wat. on N. T. 186–197, and 387–390. 2. It was not necessary that the award should state specifically the matters disposed of. If its language was broad enough to include all, the court will presume that the arbitrators passed upon the matters submitted to them. Every reasonable intendment will be made in favor of awards, to support them if possible. *Dolph v. Clemens,* 4 Wis. 181; *Ott v. Schroppel,* 5 N. Y. 482; 10 Vt. 512; 6 Wis. 616. 3. That part of the award referring to the McIndoe note is to be taken and read in connection with the submission and testimony in the case, and so read it becomes sufficiently definite and certain. The whole proceedings may be looked into to explain the award. *Jackson v. Ambler,* 14 Johns. 96; *Stanley v. Chappell,* 8 Cow. 235; *Whitcomb v. Preston,* 13 Vt. 53; *Purdy v. Delavan,* 1 Caines, 314; *Hays v. Hays,* 23 Wend. 363; *Dundon v. Starin,* 19 Wis. 261; *Rixford v. Nye,* 20 Vt. 132.

PAINE, J. This is an appeal from an order refusing to set aside an award of arbitrators, and to remand the matter to them for a new hearing. The counsel for the appellant do not seem to rely upon the mistake in the testimony of the appellant, given on the hearing, which is set forth in the affidavit upon which the motion was founded. At all events, there is not enough shown to justify granting the motion upon that ground. The weight of the evidence to be derived from the affidavits is, that there was no mistake. And the only thing to show that there was, is the party's own affidavit, that his testimony on the hearing, in respect to a matter to which his attention was distinctly called several times, and which from its own nature was such as to force itself upon his attention, was not true. It would be dangerous to grant such a motion upon such an affi-

davit.   The following remark of the supreme court of Illinois, in *Yates v. Monroe*, 13 Ill. 219, is applicable: "The pretended revival in the memory of long forgotten testimony, under the quickening influence of a judgment against the party, is too suspicious to justify a court to disturb a judgment which has been regularly obtained."

The only grounds relied on in the appellant's printed brief, for reversing the order, are, that the award does not dispose of all the matters submitted, and that it is too indefinite and uncertain to be allowed to stand.   I think neither of the objections is true in fact.

The parties submitted all their matters in difference, whether growing out of copartnership or individual transactions, and expressly stipulated that the submission should embrace the subject matter of a suit then pending, by *Bancroft* against *Grover*.   The arbitrators found that *Grover* was indebted to *Bancroft* in the sum of two hundred and five dollars and fifty-five cents.   And the objection that the award does not dispose of all the matters submitted, is based upon the absence of any specific statement that the subject matter of the suit was disposed of, or included in the award.   But this was not necessary. That was submitted together with all other matters of controversy.   It is not necessary that the award should mention that specifically, any more than that it should mention all the other matters.   It is enough to use general language that includes all. And when they said that in the matters of difference submitted to them they found that one party owed the other a certain sum, no other interpretation can fairly be put upon it, than that it includes all the matters submitted, including the subject matter of the suit.

If it appeared from the submission, that, in addition to questions of mutual indebtedness, certain other questions were to be separately disposed of by the arbitrators, then, of course, it could not be claimed that a general award of a certain indebted-

ness from one party to the other would include the whole. That was the case in *Randall v. Randall*, 7 East, cited by the appellant. There the arbitrators were not only to determine all actions, but also to fix the value to be put on certain hop-poles and potatoes, and also the rent to be annually paid by one party to the other. They made no award as to the rent to be annually paid, and it was obviously insufficient on its face, as a mere general finding of indebtedness could not be held to be an award as to the annual rent.

But I think no case can be found where the questions submitted are merely questions of mutual indebtedness, which has held that a general award of a certain sum to be paid by one party to the other, the award professing to be upon the matters submitted, would not be construed as including them all. On the contrary, the cases are numerous which hold that such a general finding, either in the report of a referee or award of arbitrators, is sufficient. *Heckers v. Fowler*, 2 Wal. 123; *Harden v. Harden*, 11 Gray, 435; *Houston v. Pollard*, 9 Met. 169; *Sohier v. Estabrook*, 5 Allen, 311; *Bowman v. Downer*, 28 Vt. 532.

The objection as to the certainty of the award is founded upon the clause which provides that "the note of McIndoe belongs to both parties." But a similar mode of description has been common in deeds, wills and other instruments from the earliest times; and it is well settled that it may be shown by parol to what the description referred, thus identifying the subject matter. This rule is too well established to justify a reference to authorities, but the following will show the applicability of the rule to awards: *Farris v. Caperton*, 1 Head, 606; *Williams v. Williams*, 21 Ill. 541.

In this case it appears, by the evidence given before the arbitrators, that there was a note given by McIndoe to *Bancroft*, which was for a claim due the firm from McIndoe. And *Bancroft* claimed that it belonged to both parties, while

*Grover* claimed the right to charge it to *Bancroft*, on the ground that the latter had appropriated so much of the firm property. There was no other note given by McIndoe, so far as appears. And upon proof of this state of facts, the language of the award applies at once to *that* note, the subject matter is identified, and there is no uncertainty whatever. Awards should be fairly and liberally construed, with a view to give effect to them and accomplish the ends of justice and the intentions of the parties. *Hanson v. Webber,* 40 Maine, 194; *Rogers v. Tatum,* 1 Dutcher, 281; *Garitee v. Carter,* 16 Md. 309. Construing this award in accordance with this rule, it is not liable to either of the objections urged.

*By the Court.* — The order appealed from is affirmed, with costs.