## BRACE vs. STACY.

*November 2 — November 21, 1882.*

ARBITRATION AND AWARD. *(1) When motion to set aside award must be made. (2) Notice of motion necessary. (3) Waiver.*

1. A motion to vacate, modify or set aside an award, under ch. 153, R. S., must be made before the same is confirmed and judgment entered thereon. But where an award has been irregularly confirmed and judgment thereon irregularly entered, a motion may be made, within the time limited by the statute, to set aside such irregular confirmation and judgment for the purpose of making a motion to vacate, modify or correct the award.
2. An award cannot regularly be confirmed and judgment thereon entered, except on motion of which notice is given to the opposite party.
3. Upon a motion to confirm an award and for judgment thereon, the opposite party appeared and, without opposing the application on the ground that no notice had been given, obtained a stay of proceedings until a subsequent term, for the purpose of moving to vacate the award. At such subsequent term he did not appear to oppose the motion for confirmation, and made no motion to set aside or modify the award. The motion to confirm the award was granted and judgment entered thereon. *Held,* that the right to object that the confirmation and judgment were irregular because no formal notice of the motion therefor was given, was waived, and, no excuse for the failure to move to set aside the award before the confirmation having been shown, a subsequent motion for that purpose was properly denied without regard to the merits of the application.

APPEAL from the Circuit Court for *Waupaca* County.

The case is thus stated by Mr. Justice TAYLOR:

" This is an appeal from an order made after judgment. The judgment was rendered upon an award made upon a submission to arbitration under the provisions of ch. 153, R. S. 1878. The submission provided that when the award should be made, judgment should be entered thereon in the circuit court of Waupaca county. The award was made August 18, 1880, and filed with the clerk of said circuit court August 20, 1880. On September 15, 1880, at an adjourned

general term of the circuit court for Waupaca county, *Hiram Brace*, the plaintiff, applied to the court for a confirmation of the award and for judgment thereon. The defendant appeared and applied for a stay of proceedings on the award. The record shows that the application for a stay of proceedings on the motion for confirmation and judgment on the award was granted, to continue until the first day of the November term of the circuit court for Portage county, such term being a special term for the circuit court of Waupaca county. On the 11th day of November, 1880, motion was made in open court at said Portage county term, by the plaintiff, for a confirmation of the award and for judgment thereon. Such motion was granted and judgment entered upon the award in favor of the plaintiff. The defendant did not appear to oppose such motion, and made no application or motion at that term of court on his behalf to modify or set aside the award, or for a further stay of proceedings. Afterwards, on the 2d day of December, 1880, after judgment had been entered and notice of taxation of costs served, and after the expiration of the Portage county term, the defendant obtained an order from the county judge of Waupaca county to show cause why the award should not be vacated or modified, and the judgment entered thereon set aside. This order was based upon the affidavit of defendant's attorney, the award, report of the arbitrators, and all other papers on file in the case. This order to show cause was not brought to a hearing at the time fixed therein, or at the time to which the hearing was continued, but on the fact that this order had been made, and that there had been a failure to bring the same to a hearing without any fault on the part of the defendant, another order to show cause why a hearing should not be had on such lapsed order was obtained on the 13th day of April, 1881; and upon the two orders a final hearing was had, and a determination made by the court on the 13th day of January, 1882. On such final determina-

Brace vs. Stacy.

tion an order was entered denying the motion to vacate the award, and judgment entered thereon, but modifying the award as to the payment of the costs, and as to that part of it which required the execution of general releases by the respective parties, and, as so modified, affirming the award and the judgment.

" The defendant excepted to the final order of the court because it did not vacate and set aside the entire award, and the judgment entered thereon, and appealed from such order."

*Myron Reed*, for the appellant.

For the respondent there was a brief by *M. C. Phillips*, and oral argument by *F. J. Lamb*.

TAYLOR, J.    The learned counsel for the respondent insists that the appellant is not entitled to any relief in this court, for the reason that his motion to vacate the award or modify the same was not made in time; that the learned circuit judge erred in granting the order to show cause why the award and judgment entered thereon should not be set aside or modified after judgment had been entered on the award, and that the order of the circuit court denying the motion to vacate the award was right, irrespective of the merits of the case.

We are clearly of the opinion that the statute contemplates that all motions to vacate or modify the award must be made before the same is confirmed, and judgment entered thereon.    Sec. 3551, R. S. 1878, is as follows: " Upon such submission being proved by the affidavit of a subscribing witness thereto, and upon the award made in pursuance thereof being proved in like manner, or by the affidavit of the arbitrators, within one year after the making of the same, the court designated in such submission shall, by order, confirm such award, unless the same be vacated or modified, or a decision thereon be postponed, as herein provided."    Secs.

3552 and 3553 provide that any party to the submission may move to vacate, modify, or correct the award. Sec. 3554 provides as follows: " Every application to vacate or modify an award shall be made to the court designated in the submission, at the next term after the publication of such award, upon the same notice to, the adverse party as in other motions, if there be time for that purpose; and if there be not time, such court or any judge thereof may, upon good cause shown, order a stay of proceedings on such award, upon such terms as shall appear just, until the term of the court next after such first term, at which term such application shall be made or shall be deemed waived;" and sec. 3556 provides that "upon such award being affirmed or modified the court shall render judgment," etc.

These provisions clearly show that a motion to vacate, modify, or set aside an award must be made before the same is affirmed and judgment entered thereon. These provisions would not, however, prevent a party against whom an award had been irregularly confirmed, and upon which judgment had been irregularly entered, from moving to set aside such irregular confirmation and judgment for the purpose of making a motion to vacate, modify, or correct the award, provided the motion to set aside such irregular confirmation and judgment, and to vacate, modify, or correct the award, be made within the time limited by the statute.

Notwithstanding the argument of the learned counsel for the respondent, we are inclined to hold that the confirmation of the award, and judgment thereon, cannot be regularly made except on notice of motion to the opposite party. Such is the rule in New York upon a statute in all respects like ours, and from which ours was undoubtedly borrowed. Part 3, ch. 8, tit. 14, R. S. of New York; 6 Wait's Pr., 240, 241; 10 Wend., 590; 5 Wend., 102. Our circuit court rules (p. 8, rule 9) provide that "all motions shall be brought to a hearing before the court or a judge on notice or order to show

cause." In order to confirm the report and enter judgment thereon it is necessary to make a motion for such purpose, and such motion must be upon notice or order to show cause. It is reasonable that this should be so, in order that the opposite party may oppose the motion for confirmation and judgment, or make his motion to vacate, modify, or correct the award before judgment shall be entered thereon.

It is alleged by the learned counsel for the appellant that no notice was in fact given by the respondent to the appellant that he would apply to the circuit court of Portage county for a confirmation of the award and for judgment and that as a consequence the confirmation of the award and judgment thereon was irregularly entered, and he was entitled to have it set aside for that reason alone. The record, however, shows that when the respondent moved for confirmation of the award and for judgment, at the Waupaca term of said court, the appellant appeared in that court and did not resist his application for confirmation and judgment, on the ground that no notice of the motion had been given, but asked the court to stay the proceedings until the first day of the November term of the Portage county circuit court, and that the proceedings were, on his motion, stayed until that day. Although the record does not disclose the reason for granting the stay of proceedings, it is apparent that the only reason that could be alleged for granting the stay was to give the appellant time to move to vacate or modify the award, as provided by statute. The very short time which elapsed between the publication of the award and the next term of the Waupaca circuit court, at which the motion for judgment was made, was a sufficient reason for granting such stay of proceedings, in order to give the appellant time to make his motion. It also appears that the Portage county circuit court was a court at which the respondent would be entitled to move for the confirmation of the award and for judgment; and at such term he applied for an order

of confirmation and judgment, and it was granted. The appellant, in the mean time, made no motion or application to the court for any relief against the award. We think the appellant has waived any right to object that the confirmation and judgment were irregularly entered. Having interfered when the respondent made an irregular motion for judgment, and obtained a stay of proceedings on that motion until the next term of the circuit court, at which such motion might have been regularly made, for the purpose of enabling him to move to vacate the award, and without taking the objection that he was entitled to notice of the motion for judgment, and having in the mean time taken no action on his part to set aside or modify the award, he ought not to be let in after judgment so entered without showing some excuse for his delay in making his motion to vacate the award, as it is clear the judgment ought to stand unless the appellant was entitled to move to vacate the award. By an examination of the record it appears that no excuse was made for the delay, and the only reason assigned for setting aside the judgment is that he had no formal notice that an application for judgment would be made at the Portage county term of the court. This, we think, was wholly insufficient. After having wilfully neglected to make his motion within the time he had stayed the respondent's proceedings for such purpose, he ought not to be let in to set aside the judgment for a mere formal irregularity without excusing his own negligence, and showing that he is entitled to some relief against the judgment. *Bonnell v. Gray*, 36 Wis., 574; *Pirie v. Hughes*, 43 Wis., 531; *Lindauer v. Clifford*, 44 Wis., 599; *Salter v. Hilgen*, 40 Wis., 363; *Egan v. Sengpiel*, 46 Wis., 708; *Ætna Life Ins. Co. v. McCormick*, 20 Wis., 265.

We think the fact that no formal notice of the motion to confirm the award and for the judgment thereon was given to the appellant, was not a sufficient reason for setting the same aside in order to let him in to move to vacate the award.

Whether the motion to vacate the award was made before the expiration of the next term of the court designated in the submission, need not be decided in this case. Because the appellant failed to make his motion to vacate the award before the same was confirmed and judgment entered thereon, after having stayed the respondent's motion for judgment for that purpose, and having failed to show any reason for his delay, the motion to vacate the award was properly denied, without regard to the merits of his application. We have, however, looked into the record for the purpose of determining whether there were reasons for setting aside the award upon the grounds alleged by the appellant, and we are not convinced that there is any such defect in the award, after the modifications made by the learned circuit judge, as would justify the vacation of the same. See *Dolph v. Clemens*, 4 Wis., 181; *Smith v. Cutler*, 10 Wend., 589; *Bancroft v. Grover*, 23 Wis., 463.

*By the Court.*— The order of the circuit court is affirmed and the cause remanded.