(53 Misc. Rep. 328.)

## EHRLICH v. PIKE.

(Supreme Court, Special Term, New York County. March, 1907.)

1. PARTNERSHIP—SETTLEMENT—ARBITRATION AND AWARD—PROCEDURE.

Where, in arbitration to settle partnership accounts, one of the arbitrators is an accountant chosen to examine the books and save trouble to the other arbitrators, and he prepares a statement used by the arbitrators in making the award, a claim that he thus became an expert witness, and his testimony was erroneously received in the absence of the defeated parties, is untenable.

2. SUNDAY—VALIDITY OF AWARD.

An award published on Monday is not invalid because it was practically agreed upon on Sunday.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Sunday, § 74.]

Action by Sol Ehrlich against Annie Pike. Motion to set aside an award made by arbitrators. Motion denied.

Steuer & Hoffman, for plaintiff.

Lippmann & Ruck (Wm. N. Cohen, of counsel), for defendant.

LEVENTRITT, J. In February, 1896, Sol Ehrlich, the plaintiff, and Annie Pike, the defendant, agreed to form a copartnership under the name of A. Pike & Co., and entered into articles by which the plaintiff was to receive one-third and the defendant two-thirds of the profits of their future transactions. In February, 1902, though retaining her interest in that firm, the defendant embarked in another business with one Apfelbaum under the style of Pike & Apfelbaum, and there, also, she secured two-thirds of the profits, leaving to Apfelbaum the remaining one-third. She then made a separate agreement with the plaintiff by which he became entitled to one-third of her two-thirds share of the profits of Pike & Apfelbaum. That concern continued until January, 1904, when Apfelbaum retired and the defendant became the sole owner; the plaintiff acquiring a right to one-third of the profits. A year later the copartnership existing between the plaintiff and the defendant was dissolved, and then disputes and differences arose in relation to an accounting. The plaintiff claimed that the defendant had agreed, in consideration of plaintiff's promise to continue to indorse notes for her accommodation, that his participation in the profits, which had accrued in the two concerns during the three years next preceding the dissolution, should be increased to one-half; and he complained that, though he had accordingly indorsed notes at her request, she refused to recognize his right to the increase. On the other hand, the defendant maintained that the original understanding had never been modified, and that the plaintiff's right to participate was limited to one-third.

After ineffectual efforts to adjust or compromise their differences,

the plaintiff sued for an accounting on the basis of the percentage of profits claimed by him.    Negotiations then undertaken resulted in a submission of the controversy to arbitration.    The plaintiff and the defendant, respectively, nominated Bernhard Vorhaus and Albert Frankl merchants, as arbitrators, and they appointed Adolph Holde, a certified public accountant, to act as the third arbitrator.    Hearings were subsequently had, testimony pro and con taken, and an award made by Vorhaus and Holde in favor of the plaintiff in the sum of $7,653.02, thus sustaining his claim to an increased share of the profits.    Frankl declined to join in the award.    The defendant then made this motion to set aside and vacate the award, alleging that Vorhaus and Holde were chargeable with gross misconduct, partiality, and unfairness in the arbitration proceedings.    The specifications thereof are substantially these:    (1) That at the first session testimony was taken in the absence of the defendant and of her husband, who represented her.    (2) That at the second hearing, while the defendant's husband was testifying, Vorhaus exhibited bias and prejudice by frequent interruptions, untimely cross-examination, and insulting reflections.    (3) That the testimony given at one of the hearings was not reduced to writing, despite the protest of the defendant.    (4) That the amount of the award was based on a statement made by Holde as a result of his examination of the books of the plaintiff, without affording Frankl an opportunity to verify the figures of the computation.    (5) That by the submission of that statement Holde became a witness as an expert, and his testimony was irregularly received in the absence of the defendant.    (6) That the arbitrators wrongfully declared the arbitration closed and refused to allow the defendant to introduce additional proof.

A very considerable part of the voluminous affidavits submitted is devoted to the rehearsal of facts bearing upon the main issue, the determination of which was confided to the arbitrators.    Irrespective of the provision in the arbitration agreement that neither party "shall have the right to appeal therefrom to any court or tribunal," the finding of the arbitrators on the merits of the controversy is not subject to review.    Even if it could be said that the award resulted from error of judgment as to the law or as to the facts, it is proof against an application to set it aside.    The arbitrators did not exceed their jurisdiction, and if corruption, fraud, or like misconduct did not taint their award, it operates as a final, conclusive judgment, and, however unsatisfactory and disappointing to the defendant, she must submit to it.    Matter of Wilkins, 169 N. Y. 494, 62 N. E. 575; Hoffman v. De Graaf, 109 N. Y. 638, 16 N. E. 357; Masury v. Whiton, 111 N. Y. 679, 18 N. E. 638; Morris River Coal Co. v. Salt Co., 58 N. Y. 667.    I have, therefore, sifted the averments of the affidavits, discarded those bearing upon the issue, which the award has judicially settled, and retained only those bearing upon the charges of misconduct, partality, and unfairness against the arbitrators Vorhaus and Holde, which are made the basis of this application.    This process exposes the weakness of the defendant's accusations.

The first charge scarcely merits consideration.    While it is literally true that the hearing proceeded in the absence of the defendant or

her husband, it is established, apart from other evidence, by the testimony of Frankl, the arbitrator selected by the defendant, that her husband was duly notified of the time and place of holding that session, and that he declared his intention not to attend, on the ground that he did not desire to meet the plaintiff, whose testimony was to be taken on that occasion. Neither the defendant nor her husband attempts to controvert those facts, but they rest on the bare statement of their absence.

The second ground of complaint depends largely upon inference or conclusion. Not a single instance of interruption or cross-examination is specified, and the only reflection upon the defendant's husband, by Vorhaus, occurred, according to the testimony of Frankl, after the hearings had been closed and at the final meeting of the arbitrators, devoted exclusively to the consideration of the evidence adduced and the award to be made. The remark then made was in the course of the argument upon the merits of the controversy.

For two reasons the objection that a part of the testimony was not reduced to writing is groundless. The submission did not require the reduction of the testimony to writing, and the making of the alleged protest is not established. As against the sole and unsupported statement made by the defendant's husband in this language, "I protested against this not being done," there is presented to the contrary, not only the sworn statements of Frankl, Vorhaus, Holde, and others, who were admittedly present on the day of the alleged protest, that the arbitrators agreed to conduct the session without a stenographer, and that this arrangement was acquiesced in if not assented to by the defendant's husband.

Irrespective of the fact that a consideration of the fourth and fifth charges involves a review of the proceedings and of the method of computation adopted, those charges are refuted by the facts and circumstances disclosed. The arbitrator Holde is a public accountant. He was selected, according to Frankl's own statement, for the express purpose of examining the books involved in the controversy and "to save" the other arbitrators "that trouble." It was, if not the express, the tacit, understanding of the arbitrators and the parties that the examination of the books should be confided to Holde and that the result of such examination should be controlling. Furthermore, the opportunity to inspect was not restricted to Holde, but was extended to his associates and to the parties, as the books were produced at the hearings, and were not only accessible to inspection, but were consulted in connection with testimony elicited. The only objection raised by Frankl relates to the refusal to give him possession of Holde's memoranda of figures and computation. While there was a refusal to permit a removal of the memoranda, there was an invitation extended and ample opportunity afforded to examine them before the award was agreed upon. This invitation was not only declined, but its rejection was emphasized by Frankl's statement that in no event would he agree to an award in favor of the plaintiff.

The remaining objection is equally without support. The arbitrators are unanimous in the statement that at the last session, held on

October 28, 1906, both the plaintiff and the defendant's husband were asked if they intended to offer further evidence, that each replied in the negative, and that thereupon the testimony was declared closed. Frankl, recognizing that situation, attended at the meeting on November 4, 1906, to consider the evidence and to decide upon an award. The questions at issue were discussed at length by each of the arbitrators, and it was only when Frankl learned that Vorhaus and Holde were opposed to his views and intended to find for Ehrlich that he insisted upon a reopening of the hearings to enable the defendant to submit additional proof, and it was only after defendant's husband had been notified by Frankl of the intention to find for the plaintiff that he became active in his efforts to have the arbitration opened. This objection was, therefore, an afterthought, resorted to by the defendant only when apprised of defeat.

This rather extended discussion may have magnified the gravity of the charges, which are, however, of a frivolous nature. At most the finality of an analysis of the facts reduces this application to an attempt to predicate misconduct and partiality upon an assumption of error in judgment. Such an assumption cannot be made the basis for a vacatur of the award. Perverse misconstruction or positive misconduct must be plainly established. Matter of Wilkins, supra.

But the defendant contends that, even if he has not shown misconduct on the part of the arbitrators, the award must be vacated, for the reason that it was made on Sunday and is therefore void. This statement is misleading; for, although the award was discussed and practically agreed upon on Sunday, it was not made, published, nor delivered until the following day.

It follows that the motion must be denied, with $10 costs.

Motion denied, with $10 costs.