or to establish the market price. To make such proof would be to show special damage, which would be allowed only upon allegation and proof that there was no market price for such goods. There is no such allegation in the answer. On the contrary, there is distinctly alleged that there was an open market. No advantage can come to plaintiff from being informed of the particulars of a transaction which cannot be made a matter of proof on the trial.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

CLARKE and HOUGHTON, JJ., concur.

INGRAHAM, J. (dissenting). The defendant has seen fit to allege in his answer, as a defense and by way of counterclaim, that the plaintiff failed to comply with his contract, and that he failed to deliver goods of the quality and character that he had warranted and represented, that the defendant refused to accept the goods tendered by the plaintiff, and that by reason of the premises he was obliged to purchase the goods in the open market at $2.95 per pound, to the damage of the defendant of $4,180. It is as to this defense and counterclaim that the plaintiff demanded a bill of particulars. The defendant is entitled to have the question presented upon the trial whether it can recover as damages the difference between the contract price and the price at which it was compelled to purchase the goods in the open market; and, as the plaintiff has to meet that defense and counterclaim, he is, I think, clearly entitled to the particulars of the defendant's claim so that it may be able to meet it. I agree in the opinion of Mr. Justice SCOTT in so far as it holds that the first and third clauses in the order should not have been granted, but I think the plaintiff was entitled to the bill of particulars required by the second and fourth clauses of the order.

I therefore think the order should be modified by striking out the first and third clauses thereof, and, as so modified, affirmed, without costs to either party.

McLAUGHLIN, J., concurs in dissent.

---

## In re PICKER et al.

(Supreme Court, Appellate Division, First Department. · January 8, 1909.)

1. ARBITRATION AND AWARD (§ 73*)—CONFIRMATION OF AWARD—APPEAL FROM ORDER.

Code Civ. Proc. § 2381, provides that an appeal may be taken from an order vacating an award, or from a judgment entered upon an award, and hence the only appeal from an order is when it vacates an award, and when a judgment is entered on an award the appeal must be from the judgment, and no appeal lies from the order confirming the award.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 380; Dec. Dig. § 73.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

2. **ARBITRATION AND AWARD (§ 73*)—CONFIRMATION OF AWARD—APPEAL FROM ORDER.**

Where an appeal is taken from a judgment confirming an award as well as from the order, the appeal from the latter, which does not lie, may be disregarded.

[Ed. Note.—For other cases, see Arbitration and Award, Dec. Dig. § 73.*]

3. **ARBITRATION AND AWARD (§ 68*)—OBJECTIONS TO PROCEEDINGS—WHEN TO BE TAKEN.**

Though the more regular course is to move to vacate, modify, or correct an award pursuant to Code Civ. Proc. §§ 2374, 2375, omission to make such motion will not deprive the party of his right to raise the objections on the motion to confirm the report, and to review the judgment on the same ground.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 343–351; Dec. Dig. § 68.*]

4. **ARBITRATION AND AWARD (§ 68*)—DILATORY OBJECTIONS TO AWARD—SCOPE.**

Where a party exercises his right to raise the objections to an award on the motion to confirm the report, and to review the judgment on the same ground, the objections which may be thus taken are only those which might have been taken by an independent motion to vacate, correct, or modify the award pursuant to Code Civ. Proc. §§ 2374, 2375.

[Ed. Note.—For other cases, see Arbitration and Award, Dec. Dig. § 68.*]

5. **SUNDAY (§ 30*)—JUDICIAL ACTION PROCEEDINGS—ARBITRATION AND AWARD —"JUDICIAL PROCEEDING"—"COURT."**

The statutory arbitration provided for and regulated by the Code of Civil Procedure is a "judicial proceeding," and the arbitrators sit as a court, or at least perform a statutory judicial function, and hence, in view of section 6, forbidding a "court" to be open or transact any business on Sunday, to proceed with the hearing of arbitration on Sunday, in the face of objections and protest of parties, is illegal and constituted misconduct violating the award.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. § 74; Dec. Dig. § 30.*

For other definitions, see Words and Phrases, vol. 2, pp. 1672–1682; vol. 8, p. 7622; vol. 4, pp. 3864–3866.]

6. **ARBITRATION AND AWARD (§ 31*)—REPRESENTATION OF PARTIES BY COUNSEL.**

While arbitrations are frequently and properly conducted without presence of counsel, it constitutes misconduct for arbitrators to permit one party to be represented and assisted by counsel, and refuse the other a reasonable opportunity by adjournment to avail himself of the same privilege.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 161; Dec. Dig. § 31.*]

Appeal from Trial Term.

In the matter of the arbitration of David V. Picker and Frank Marcus. From an order confirming the award, and from the judgment granted thereon, Frank Marcus appeals. Reversed, and award vacated.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Alfred B. Jaworower, for appellant.
Bernhard Ginzburg, for respondent.

---

SCOTT, J.  On October 27, 1907, Frank Marcus and David V. Picker entered into an agreement to submit to arbitration a certain controversy which had arisen between them.  On November 7, 1907, the arbitrators executed an award in favor of Picker.  No motion was made to vacate, modify, or correct it, and on March 28, 1908, the successful party noticed a motion to be heard on July 30, 1908, for an order confirming the award and for judgment thereon.  Marcus, the defeated party, opposed the motion upon an affidavit intended to show misconduct on the part of the arbitrators.  The motion was, however, granted, and a judgment entered in favor of Picker and against Marcus for the amount found due by the award.  Marcus has now appealed from the order confirming the award, and also from the judgment.

No appeal lies from the order.  Section 2381 of the Code of Civil Procedure provides that:

"An appeal may be taken from an order vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action."

The only appeal from an order therefore is when it vacates an award. When a judgment has been entered upon an award, the appeal must be from the judgment.  The appellant in this case has, however, appealed from the judgment as well as from the order, and the appeal from the latter may be disregarded.  The affidavit upon which the motion to confirm the report was based set forth: That the appellant, Marcus, received a notice to attend a meeting of the arbitrators on Saturday, November 2, 1907, at the office of one of the arbitrators; that he attended at the time and place appointed, but Picker did not attend; that Morris Asinof, one of the arbitrators, who seems to have acted as the mouthpiece of the board, then stated that the hearing of the arbitration would be adjourned to the following day, Sunday, November 3, 1907, to which appellant objected, saying that he did not want hearings to be held on Sunday.  Notwithstanding his protests and objections, the hearing was adjourned until Sunday.  On Sunday, November 3, 1907, the appellant again appeared at the time and place appointed, and again protested against the hearing being had on Sunday, and asked that the hearing be adjourned; but his protest was unheeded, his request refused, and the hearing proceeded with.  All the arbitrators appear to have been present at this time.  At the hearing the respondent Picker was represented by an attorney who presented his client's claim to the arbitrators.  Appellant objected to the presence and participation of this attorney, and urged upon the arbitrators that, if Picker was allowed to be assisted by counsel, the appellant should be afforded an opportunity to provide himself with counsel to assist in the presentation of his side of the case.  This protest and request was also disregarded, and the hearing proceeded, resulting in an award in favor of Picker.  The hearing on Sunday, November 3d, was the only hearing held by the arbitrators, although their award was signed on November 7th, a week day.

It was urged on behalf of the respondent that the appellant cannot be heard to object to the entry of judgment upon the award because he neither moved to vacate it under section 2374, Code Civ. Proc., nor

to modify or correct it under section 2375. Section 2373, Code Civ. Proc., provides that:

"At any time within one year after the award is made as prescribed in the last section any party to the submission may apply to the court specified in the submission, for an order confirming the award, and thereupon the court must grant such an order, unless the award is vacated, modified or corrected as prescribed in the next two sections."

Section 2374 provides that:

"In either of the following cases the court specified in the submission must make an order vacating the award, upon the application of either party to the submission; * * * where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown * * * or of any other misbehavior by which the rights of any party have been prejudiced."

The more regular course undoubtedly to be taken by a party wishing to vacate, modify, or correct an award is to make an independent motion for that relief; but we are of the opinion, and so the authorities hold, that the omission to make that motion will not deprive the party of his right to raise the objections upon the motion to confirm the report, and to review the judgment upon the same ground. In re Poole (Genl. T. First Dept.) 5 Civ. Proc. R. 279. The objections which may be thus taken, however, are only those which might have been taken by an independent motion to vacate, correct, or modify. In Matter of Wilkins, 48 App. Div. 431–438, 62 N. Y. Supp. 1068, it was said:

"As to the matters which may be reviewed from such a judgment (based on an order confirming, modifying, or correcting the award), our view is that the appellate court can consider such questions (but only such questions) as might have been raised upon a motion to vacate, modify, or correct the award. Thus, if the award has been confirmed, the appellant may contend that it ought to have been vacated, modified, or corrected upon some or all of the grounds set out respectively in sections 2374 and 2375 of the Code of Civil Procedure, so far as the record on appeal discloses the existence of such grounds."

And this view appears to have been upheld by the Court of Appeals. In re Wilkins, 169 N. Y. 494, 62 N. E. 575. We are therefore of the opinion that, notwithstanding the omission of the appellant to make an independent motion to vacate the award, he was entitled to present his reasons for its vacation upon the motion for its confirmation.

As to the merits of the appeal, we think that the award should have been vacated. A statutory arbitration, such as this was, is a judicial proceeding provided for and regulated by the Code of Civil Procedure. The arbitrators sit as a court, or at the least perform a statutory judicial function. Section 6, Code Civ. Proc., provides that:

"A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury."

The section also authorizes certain other judicial acts to be performed on Sunday, none of which, however, are applicable to the present case. In our opinion, to proceed with the hearing of the arbitration on Sunday, in the face of the objections and protest of one of the parties to it, was illegal and constituted misconduct on the part of the ar-

bitrators which violated their award. The cases cited to the contrary are not in point. In neither of them did any party object, at the time, to going on upon Sunday. In one case (Isaaca v. Beth Hamedash Society, 1 Hilt. 474), all the parties were Hebrews, who observed their Sabbath on Saturday, and the parties and witnesses attended voluntarily, without objection. In the other (Ehrlich v. Pike, 53 Misc. Rep. 333, 104 N. Y. Supp. 818), there were a number of meetings of the arbitrators, and there was no meeting held on Sunday at which the parties and witnesses were required to attend. It merely appeared that "the award was discussed and practically agreed upon on that day."

We also think that the arbitrators should have assented to the appellant's request for an adjournment in order to enable him to obtain counsel. While arbitrations are frequently and very properly conducted without the presence of counsel, it constitutes misconduct for the arbitrators to permit one party to be represented and assisted by counsel, and to refuse to the other party a reasonable opportunity to avail himself of the same assistance.

For these reasons we think that the judgment appealed from must be reversed, and the award vacated, with costs to the appellant.

McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ., concur. PATTERSON, P. J., concurs on last ground mentioned in opinion.