In the Matter of the Arbitration between FRANCIS J. CONWAY, Claimant, Respondent, and ALFRED P. ROTH, Contestant, Appellant.

First Department, July 13, 1917.

Arbitration — appeal — right to question power of arbitrators — power of arbitrators limited by terms of submission — parties cannot confer additional authority upon arbitrators by failing to object to award.

The failure of a party to an agreement for arbitration to move to vacate the award upon the ground that the arbitrators have exceeded their powers does not deprive said party of the right to raise the objection upon appeal.

Arbitrators, empowered to decide whether there was an agreement between parties by which the claimant was to receive a percentage of the profits of a contract in which they were jointly interested, have no authority to try and determine the question of the reasonable value of the services rendered by the claimant, as said issue is not within the terms of the submission.

Parties to a statutory arbitration have no power to confer jurisdiction upon arbitrators over subject-matter which they did not have under the written submission.

Hence, a party by failing to object does not waive his right to require the arbitrators to keep within the limitations of the written submission.

APPEAL by the contestant, Alfred P. Roth, from a judgment of the Supreme Court in favor of the claimant, entered in the office of the clerk of the county of Bronx on the 23d day of October, 1916, pursuant to an order confirming the award of arbitrators, and also from the order entered in said clerk's

office on the 20th day of October, 1916, confirming said award.

*Abram J. Rose* [*William H. O'Brien* with him on the brief], for the appellant.

*Ferdinand Kurzman* [*Walter Frank* with him on the brief], for the respondent.

DAVIS, J.:

The arbitrators were chosen pursuant to the provisions of the Code of Civil Procedure, under a written agreement. The claimant, an engineer, alleges that he helped the contestant obtain a contract for the construction of section 2, route 18, of the White Plains Avenue Rapid Transit Railroad, from the Public Service Commission for the First District, and that he was engaged by contestant to take care of the contract end of the work, the contestant furnishing the money and attending to the office work. In consideration of claimant's agreeing thus to connect himself with the work, claimant asserts that the contestant agreed to give him one-third of the profits of the enterprise. It is alleged that the agreement was oral with the understanding that it would be reduced to writing, but that appellant refused to sign the written agreement.

The contestant denied the making of the agreement to give respondent one-third of the profits. In order to settle this controversy, the parties entered into the written agreement of arbitration. This agreement after reciting that Conway claimed to be jointly interested with Roth in the enterprise and claimed to be entitled to one-third of the net profits thereof, proceeds to submit to the arbitrators named " the said controversy and claim."

On July 26, 1916, a hearing was held by the arbitrators and testimony taken on both sides. The parties were not represented by counsel. On August 4, 1916, the arbitrators met and announced the following findings:

1. That there was no contract, verbal or otherwise, entered into between Alfred P. Roth and Francis J. Conway, with relation to profits emanating from a certain subway contract held by Alfred P. Roth for the construction of the White Plains Avenue extension of the subway.

2. That Francis J. Conway performed certain work, labor and services for Alfred P. Roth, for which he is entitled to compensation.

3. That further testimony should be taken with reference to such compensation and the amount thereof.

On August 22, 1916, the arbitrators again met. The purpose of the meeting was stated to be as follows:

" Mr. Bogart: This hearing is held pursuant to a decision heretofore rendered by a majority of the Board of Arbitrators to take testimony as to the compensation due, if any, to Francis J. Conway from Alfred P. Roth for services alleged to have been rendered by the said Francis J. Conway to said Alfred P. Roth."

At this hearing neither party was represented by counsel. The arbitrators then proceeded to take up the question whether the claimant rendered any service to the contestant for which he was entitled to compensation. The session was taken up in the main· with the introduction of evidence introduced by Conway as to his services and their value, and expert evidence from other engineers and contractors. There was very little done or said in behalf of Roth. It is claimed that he assented to the submission to the arbitrators of the question of the value of Conway's services. The record shows rather that he submitted rather than consented. Had he been ·represented by counsel it is doubtful that the hearing would have proceeded without objection on his part.

The hearing resulted in an award to Conway on August 29, 1916, of $5,377.51 for work, labor and services rendered to Roth in the matter of the subway contract. The motion to confirm this award was opposed on the ground that the arbitrators, under the terms of the submission, lacked power to make it. However, the motion was granted and the judgment appealed from was entered.

Under subdivision 4 of section 2374 of the Code of Civil Procedure, upon the application of either party, the court must vacate an award " where the arbitrators exceeded their powers." It is true that the appellant here did not move to vacate the award upon that ground, but, as was said by Mr. Justice SCOTT in *Matter of Picker* (130 App. Div. 88): " The omission to make that motion will not deprive the

party of his right to raise the objections upon the motion to confirm the report, and to review the judgment upon the same ground. * * * The objections which may be thus taken, however, are only those which might have been taken by an independent motion to vacate, correct or modify."

The appellant, therefore, is quite within his rights in urging upon this appeal that the arbitrators were without power to make the award in question. I think it is quite clear that the arbitrators have made an award upon an issue which was not within the terms of the written submission. They were empowered to decide whether there was an agreement between the parties by which the claimant was to receive one-third of the profits of the subway contract in which they were jointly interested. Instead of confining themselves to a hearing and determination of that issue, they tried the question of the reasonable value of services rendered by the claimant — an issue not within the terms of the submission. But it is claimed that the appellant consented to this course and, by not objecting, waived his right to require the arbitrators to keep within the limits of the written submission.

I think the parties to a statutory arbitration have no power to make a waiver of this kind and thus confer power and jurisdiction upon arbitrators over subject-matter which they do not have under the written submission. (*Matter of Walker*, 136 N. Y. 20; *Beardslee* v. *Dolge*, 143 id. 160, 165; *Matter of Caffrey*, 52 App. Div. 264; *People ex rel. Buckbee* v. *Biggs*, 171 id. 373, 380.)

The awards of arbitrators under the Code provisions lead to judgments of the court. The arbitrators sit as a court, with no powers except those conferred by the written submission duly executed and acknowledged. If arbitrators decide a controversy not submitted to them in an instrument in writing as provided in section 2366 of the Code of Civil Procedure, they lack power to make such award. These arbitrators have done just this thing, and for that reason this judgment should be reversed, with costs.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Judgment reversed, with costs.