## THE HARTBRIDGE.

### In re NORTH OF ENGLAND S. S. CO., Limited.

### No. 326.

Circuit Court of Appeals, Second Circuit.
April 11, 1932.

Irving L. Evans, of New York City (Horace M. Gray, of New York City, of counsel), for appellant.

Charles R. Hickox and Clement C. Rinehart, both of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The parties to this appeal entered into an arbitration agreement which provided that a judgment on the award might be entered in the court below, as authorized by the United States Arbitration Act § 9 (9 USCA § 9). On November 6, 1931, by a majority decision, the arbitrators made an award in favor of the appellee, North of England Steamship Company, Limited. Upon due notice a motion to confirm the award came on for hearing on December 1st. In opposition the appellant filed af-

fidavits challenging the court's jurisdiction to confirm the award before February 6, 1932, because section 12 of the act (9 USCA § 12) allows three months for service of notice of a motion to vacate an award. The affidavits also set up that the appellant "intends to move to vacate" within the time allowed by the statute, and could not make its motion forthwith because of the loss of certain exhibits used by the arbitrators. The District Court granted the motion, and eight days after entry of its order this appeal was allowed.

■ The motion to confirm the award was not premature. Section 9 provides that "at any time within one year after the award is made" any party to the arbitration may apply to the court for an order of confirmation. Section 12 requires that notice of a motion to vacate an award must be served within three months after the award is filed or delivered, but there is nothing in such requirement to suggest that the winning party must refrain during that period from exercising the privilege conferred by section 9 to move "at any time" within the year. We regard the jurisdiction of the court to enter the order of confirmation as beyond question. The federal act in respect to the sections now under consideration is almost verbatim like the corresponding provisions of the New York statute, so that the state practice may be regarded as highly persuasive, even if not controlling. In Matter of Conway, 179 App. Div. 108, 166 N. Y. S. 182, it appears that the award was confirmed and judgment entered thereon within less than two months after the award was made. That the opposing party made no contention that the confirmation was premature would seem to indicate that the state practice accords with our own construction of the federal act.

■ We do not, however, agree with the district judge's statement that confirmation must be granted "as a matter of course, unless the award has been vacated or at least unless a motion to vacate or modify has been noticed." Upon a motion to confirm the party opposing confirmation may apparently object upon any ground which constitutes a sufficient cause under the statute to vacate, modify, or correct, although no such formal motion has been made. See Matter of Picker, 130 App. Div. 88, 114 N. Y. S. 289; Matter of Conway, supra; Matter of Wilkins, 169 N. Y. 494, 62 N. E. 575; Sturges, Commercial Arbitrations and Awards, 874. But the appellant's opposing affidavits presented no facts in support of the charges which it intended to urge as grounds for vacating the award as soon as its motion papers could be prepared. Hence the order of confirmation was correct, unless the court abused its discretion in not postponing action on the motion to confirm until the appellant could find the misplaced exhibits which it alleged were necessary to the preparation of its objections to the award. If confirmation did not preclude the appellant from thereafter moving to vacate the award, there was obviously no prejudicial abuse of discretion in entering the order of confirmation. The District Court thought such a motion could still be made. With this we cannot agree. As we understand the statute a motion to confirm puts the other party to his objections. He cannot idly stand by, allow the award to be confirmed and judgment thereon entered, and then move to vacate the award just as though no judgment existed. See Gaines v. Clark, 23 Minn. 64; Brace v. Stacy, 56 Wis. 148, 14 N. W. 51. Section 12 sets an outside limit within which a notice to vacate must be served; it does not say that such a motion may be made at any time within the three months even though the award has gone into judgment. After judgment we think the award can be vacated only if the judgment can be, and to vacate the judgment an adequate excuse must be shown for not having presented objections to the award when the motion to confirm was heard. Consequently we think the court erred in confirming the award as of course, when it was advised that objections were to be made but could not be presented because of missing exhibits. It does not, it is true, appear why the exhibits were material to the grounds for vacation intended to be urged, but the court did not refuse a continuance for that reason. On the contrary, the judge said he had no discretion and could only confirm.

■ Accordingly, the order must be reversed. Although more than three months have elapsed since the award was filed, the appellant may still assert objections to confirmation of the award. There is authority for the proposition that even after the statutory period for moving to vacate an award has expired, a party may use the statutory grounds for vacation in defense of a motion to confirm. See Matter of Picker, 130 App. Div. 88, 114 N. Y. S. 289; Shores v. Bowen, 44 Mo. 396; Hinkle v. Harris, 34 Mo. App. 223. But without committing ourselves to the correctness of this construction of the statute, it will suffice to say that we think

the period of the appeal may be excluded from the three month period prescribed by section 12. The appeal removed the entire record from the District Court so that thereafter the appellant could not have moved to set aside the order of confirmation and to entertain a motion to vacate the award.

As the award may be again confirmed, it seems desirable to notice an error which occurred in directing judgment for $18,519.64 with interest thereon from November 6, 1931. The error was in allowing interest on the fees ($2,250) and expenses ($513.60) of the arbitrators. These items can carry interest only after they are put in judgment; the arbitration agreement contains no promise to pay interest on fees and expenses.

Order reversed.