In the Matter of the Arbitration of Dispute and Controversies Which Have Arisen between BRAEMOOR CORPORATION, a New York Corporation, Respondent, and FRANK W. BRYCE, Appellant.—Appeal from order denying appellant's motion to confirm the award of arbitrators and for judgment on such award, and from order denying appellant's motion for a reargument, dismissed, without costs, and without prejudice to a motion at Special Term to vacate the orders and to renew the motion, if appellant be so advised. An appeal does not lie from an order denying a motion to confirm an award of arbitrators. An award of arbitrators in an arbitration proceeding must, on application to the court, either be confirmed (Civ. Prac. Act, § 1456), vacated (§ 1457), or modified (§ 1458). Consistently with those provisions of the Civil Practice Act, an appeal may be taken only from an order vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action. (Civ. Prac. Act, § 1464; *Matter of Picker*, 130 App. Div. 88; *Matter of Gitt*, 138 id. 147.) We are of opinion that on proper application the award should be confirmed. Assuming that the submission was pursuant only to the contract of February 16, 1934, that contract was acknowledged by both parties before the award was made. Such acknowledgment was sufficient compliance with the statute (Civ. Prac. Act, § 1449) for the purpose of the court's jurisdiction to grant an order confirming the award. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

In the Matter of the Application of LORENZO C. CARLINO, Petitioner, for a Certiorari Order against THOMAS DOWNS, Judge of the County Court of the County of Queens, Respondent.— In a proceeding by certiorari to review an order made by the County Court of Queens county, adjudging the petitioner in criminal contempt, fining him $250, and, in default of payment thereof, committing him to the city prison of Queens county for thirty days, certiorari order sustained, the order of commitment annulled, and the petitioner's fine remitted, without costs, upon the ground that the original commitment was void for failure to set forth the particular circumstances of petitioner's offense as required by section 752 of the Judiciary Law (*Briddon* v. *Briddon*, 229 N. Y. 452) and such invalidity could not be cured by amendment or resettlement. In making this decision, we do not condone the conduct of the petitioner, which we consider reprehensible. Lazansky, P. J., Young, Scudder and Johnston, JJ., concur; Carswell, J., not voting.

In the Matter of the Application of MARY E. HALLENBECK, Respondent, for a Peremptory Order of Mandamus against JOSEPH F. LOEHR, as Mayor, and Others, Appellants.— On stipulation, peremptory order of mandamus directing the defendants to reinstate the petitioner to her position as social agent or investigator in the department of charities or department of public welfare of the city of Yonkers, unanimously affirmed on the law and not in the exercise of discretion, with costs, on authority of *Matter of Reinhardt* v. *Loehr* (244 App. Div. 748, decided April 18, 1935). Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.