Moses M. Weinstein, J.
This is a proceeding pursuant to CPLR article 78 to annul the determination of respondent, a Judge of1 the Civil Court of the City of New York, which adjudged petitioner guilty of criminal contempt of court. Petitioner has paid the fine and instituted this proceeding to review the propriety of the contempt determination.
The order holding petitioner in contempt indicates that on November 30, 1972 petitioner, who is an adjuster employed by the Liberty Mutual Insurance Company, advised the court “ that he had conversations with the defendant” in the Civil Court action and that an interpreter would be required for that defendant when he testified on trial. The court obtained an interpreter but defendant did not appear for trial on November 30 or on the next day, December 1, 1972. On both occasions an interpreter was provided by the court. Under oath petitioner admitted that ‘ ‘ he had never spoken to the defendant and had lied to the court the previous day when he stated he had so spoken to him.” After the jury in the case rendered a verdict, petitioner was brought before the court and held in summary contempt for his admitted lies to the court.
This court is of the opinion that the contempt adjudication should be annulled for the following reasons: There can be no question that petitioner’s acts constituted contumacious behav *323 ior in that they undermined the dignity of the court and affected the ability of the court to continue its normal business in the appropriate manner. (See Judiciary Law, § 750.) Pursuant to section 701.2 of the Rules of the Appellate Division of this Department (22 NYCRR 701.2), the court was authorized to deal with these acts in a summary manner and to adjudge petitioner in contempt and sentence him summarily for his acts while the trial was actually in progress. However, here the court chose to adjudicate petitioner in contempt after the trial was completed.
Under these circumstances, pursuant to section 701.3 of the Rules of the Appellate Division of this Department, ‘1 notwithstanding the occurrence of the contumacious conduct in the view and presence of the sitting court, the contempt shall be adjudicated at a plenary hearing with due process of law including notice, written charges, assistance of counsel, compulsory process for production of evidence and opportunity of the accused to confront witnesses against him.”
Thus, it is clear that where a Judge elects not to punish contumacious acts in a summary manner but, rather awaits completion of the trial, he must afford all the constitutional protections provided for in the rules. In the case at bar petitioner was adjudicated in contempt on December 1, after a verdict had been rendered, and was, therefore, not given the procedural protections set forth in the Appellate Division Rules.
Accordingly, the determination of the respondent must be annulled. However, to quote from a decision of the Appellate Division of1 this Department rendered in 1935 in a case where a contempt order was reversed, ‘ ‘ In making this decision, we do not condone the conduct of the petitioner, which we consider reprehensible.” (Matter of Carlino v. Downs, 244 App. Div. 801).
Submit judgment providing that the fine paid shall be remitted to petitioner.