981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PMS DISTRIBUTING CO., INC.; Polymembrane Systems, Inc.;
Edward J. Stevenson; Plaintiffs-Appellant,
and
Robert Gentino, Appellant,
v.
HUBER & SUHNER, A.G. Defendant-Appellee.
 No. 91-55285.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1992.
Decided Dec. 3, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Huber & Suhner filed a complaint for damages against PMS Distributing Co., PSI, and Edward Stevenson (collectively "PMS"). PMS petitioned and the district court compelled arbitration. The arbitrator awarded damages in favor of Huber & Suhner. Huber & Suhner moved and the district court confirmed the arbitration award and issued judgment. PMS did not appeal from this judgment; rather, it subsequently moved to vacate the arbitration award. The district court denied this motion on its merits. PMS timely appeals from this ruling.
 
 I.
 
 3
 Huber & Suhner contends that we do not have jurisdiction to hear PMS's appeal because it represents an attempt out of time to appeal the judgment confirming the arbitration award. We conclude that, although limited appellate jurisdiction exists, we cannot reach the merits of the arbitration award; the district court must be affirmed because PMS did not timely oppose the motion to confirm.
 
 
 4
 Relying on Section 12 of the United States Arbitration Act, 9 U.S.C. § 12, PMS argues that it timely filed its motion to vacate the arbitration award within three months of the award's filing. We conclude this was insufficient to require a ruling on the merits of the motion to vacate. PMS failed timely to assert in the form of a counterclaim its objections to Huber & Suhner's motion seeking confirmation. Judgment was entered confirming the award and it has become final. PMS cannot now raise its defenses to confirmation by way of a subsequent motion to vacate. See Fed.R.Civ.P. 12(a), (b), 13; Seattle Totems Hockey Club, Inc. v. National Hockey League, 652 F.2d 852, 854 (9th Cir.1981) (failure to plead compulsory counterclaim bars subsequent litigation in which counterclaim is the basis of the complaint), cert. denied, 457 U.S. 1105 (1982); The Hartbridge, 57 F.2d 672, 673 (2nd Cir.1932) (per curiam) ("[A] motion to confirm puts the other party to his objections. He cannot idly stand by, allow the award to be confirmed and judgment thereon entered, and then move to vacate the award just as though no judgment existed."); cf. Booth v. Hume Publishing, Inc., 902 F.2d 925, 931 (11th Cir.1990) (only counterclaims permitted in response to motion to confirm an arbitration award are claims to vacate, modify, or correct award).
 
 II.
 
 5
 PMS also challenges the April 20, 1990 Order holding Edward Stevenson in civil contempt and the March 1, 1990 Supplemental Order for Issuance of Writ of Possession and Supplemental Turnover Order. However, these interlocutory orders merged into the judgment rendered on August 29, 1990. See Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir.1984) (stating the general rule that interlocutory rulings otherwise unappealable merge into the final judgment and become reviewable), cert. denied, 470 U.S. 1007 (1985). Because an appeal of these orders was not taken within thirty days of the 1990 judgment, we do not have jurisdiction to consider PMS's appeal of these orders.
 
 
 6
 Stevenson argues that he is entitled to appeal the post-judgment order of January 23, 1991, which denied his motion to void the civil contempt against him and to set aside the outstanding bench warrant. This argument attacks the underlying judgment which Stevenson failed timely to appeal. Because Stevenson has made no argument that there was new evidence, or fraud, or any other reason justifying relief from judgment, see Fed.R.Civ.P. 60(b), we will not consider this argument.
 
 III.
 
 7
 Attorney Gentino appeals the January 23, 1991 Supplemental Order re Execution Against Funds Held by Robert Gentino. The January 23, 1991 order extending the writ of possession to funds in the bank account of Attorney Gentino is not a final order and therefore cannot be appealed.
 
 
 8
 Federal Rule of Civil Procedure 69(a) requires the federal courts to apply state law to judgment enforcement proceedings. According to Cal.Civ.Proc.Code §§ 720.010-720.800, Gentino is entitled to a number of procedural protections before a United States Marshal will be able to collect any funds from Gentino's bank accounts. Gentino has the right, for example, to petition the court for a hearing on the validity of his third-party claim in which to argue his entitlement to the proceeds. See id. § 720.310. After a hearing, the court shall give judgment determining the validity of his third party claim. See id. § 720.390. Only after these procedural protections have been exhausted will there exist a final judgment from which Gentino may appeal. See id. § 720.420 ("An appeal may be taken from a judgment given pursuant to Section 720.390 in the manner provided for appeals from the court in which the proceeding takes place.").
 
 CONCLUSION
 
 9
 We conclude the district court did not err in denying PMS's motion to vacate the arbitration. PMS's appeal is untimely as to its remaining claims. Gentino's appeal is premature. Accordingly, the judgment of the district court is AFFIRMED-IN-PART and this appeal is DISMISSED-IN-PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3