**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WETZEL'S PRETZELS, LLC, a California limited liability company,<br><br>        Plaintiff, Counter-Defendant, Appellee,<br><br>  v.<br><br>TITO JOHNSON, an individual; and TARIQ JOHNSON, an individual,<br><br>        Defendants, Counter-Claimants, Appellants. | No. 12-56716<br><br>D.C. No. 2:11-cv-04459-AHM-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted February 12, 2014
Pasadena, California

Before: PAEZ and NGUYEN, Circuit Judges, and MOTZ, Senior District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Tito Johnson and Tariq Johnson ("the Johnsons") appeal the district court's order denying their motion to vacate an arbitration award in favor of Wetzel's Pretzels, LLC. On appeal, the Johnsons urge us to vacate the arbitration award because the arbitrator exceeded his powers by enforcing certain provisions in the franchise agreement that required the Johnsons to assign their lease and property interests to Wetzel's Pretzels after the franchise agreement was terminated ("the post-termination provisions"). *See* 9 U.S.C. § 10(a)(4).

"The Federal Arbitration Act enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (citing 9 U.S.C. §§ 1–16). In order for us to vacate the award on the ground that the arbitrator exceeded his powers under § 10(a)(4), the Johnsons would have to show that the award was "completely irrational, or exhibit[ed] a manifest disregard of law," *see Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (internal quotation marks and citations omitted), but they have made no such showing.

An award is completely irrational only if it is not "derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." *Id.* (internal quotation marks and citations omitted). The franchise agreement in this case expressly provided for the

assignment of the Johnsons' lease and property interests to Wetzel's Pretzels once the agreement was terminated, and it also made "[a]ny dispute arising out of or in connection with this [a]greement" subject to arbitration. The award therefore is plainly derived from the parties' agreement. Moreover, under the franchise agreement, all disputes related to the agreement except claims for "*provisional injunctive relief*" were required to go to arbitration, and because the Johnsons never sought a preliminary injunction from the district court regarding the post-termination provisions, they were not deprived of their rights under the agreement when the arbitrator enforced the post-termination provisions. Thus, the arbitrator did not exceed his powers on this ground.

Nor have the Johnsons convinced us that the award exhibited a manifest disregard of law. "To vacate an arbitration award on this ground, it must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Biller*, 668 F.3d at 665 (internal alteration, quotation marks, and citations omitted). Nothing in the record presented to us establishes that the arbitrator, by enforcing the post-termination provisions of the agreement, recognized applicable law that would make those provisions unenforceable but ignored it.

Accordingly, the arbitrator did not exceed his powers, and because there is no other reason to vacate the award, the award was appropriately confirmed on the motion by Wetzel's Pretzels.[1]

**AFFIRMED**.

---

[1] In light of our resolution of the case on this basis, we need not reach the related issues of whether a party opposing the confirmation of an arbitration award must do so by objecting to a motion to confirm the award that predates a motion to vacate the award rather than allowing the award to be confirmed without opposition and only then moving to vacate the award and whether an award can be vacated after a final judgment only if the judgment can be under Fed. R. Civ. P. 60(b). *See The Hartbridge*, 57 F.2d 672, 673 (2d Cir. 1932) (per curiam).