[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10206
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-01224-RWS

CAREMINDERS HOME CARE, INC.,

Plaintiff-Counter Defendant-Appellee,

Versus

LORI KIANKA,
COMPASSIONATE CARE, LLC,

Defendants-Counter Claimants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 14, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-appellants Lori Kianka and Compassionate Care, LLC (collectively "Compassionate Care") appeal a decision of the district court to confirm an arbitration award under the Federal Arbitration Act in favor of plaintiff-appellee CareMinders Home Care, Inc. ("CareMinders"). Compassionate Care, formerly a franchisee of CareMinders, instituted this action in October of 2013 by filing a demand for arbitration pursuant to their franchise agreement claiming breach of contract and fraud related to the business relationship. CareMinders asserted counterclaims and—after three separate continuances at Compassionate Care's request—an arbitrator issued an award for CareMinders of $232,789.30 and granted injunctive relief enforcing non-compete and non-solicitation clauses in the franchise agreements. The arbitrator denied each of Compassionate Care's claims over the course of his seventeen-page opinion.

Immediately thereafter, CareMinders filed a petition to confirm the arbitration award in the Northern District of Georgia on April 17, 2015. Compassionate Care responded by filing an "Answer, Defenses, & Counterclaim to Modify and/or Vacate Arbitration Award" on May 15, 2015. In that filing Compassionate Care broadly alleged a basis to vacate or modify the arbitration award grounded in the arbitrator's denial of a fourth continuance, denial of a motion to compel discovery, perceived bias and ex parte communications, and ultimate decision to award attorney's fees. Compassionate Care assured the court

2

that these broad allegations would "be more fully outlined in a motion under 9 U.S.C. § 12." This statement was in line with their position—noted in a prior filing with the district court—that they intended to "serve notice of a motion to vacate an award [under] 9 U.S.C. §§ 10 & 12." However, they never filed such a motion and, on July 28, 2015, CareMinders filed a supplemental brief arguing that the failure to do so within three months, as required by the FAA, waived the right to vacate the award or raise any defenses to its enforcement.

On September 24, 2015, the district court entered an order confirming the arbitration award and dismissing Compassionate Care's counterclaims. Compassionate Care filed a motion for reconsideration that was ultimately denied on December 16, 2015. The court expressly found that Compassionate Care, by failing to file a motion to vacate within three months, had waived their right to review of the award and that, in any event, they had failed to carry their burden of overcoming the presumption under the FAA that awards will be confirmed. Accordingly, the court denied the motion to reconsider and awarded fees and costs for post-judgment motions to CareMinders. This appeal followed.

Orders confirming arbitration awards "are to be reviewed for clear error with respect to factual findings and de novo with respect to the district court's legal conclusions." Gianelli Money Purchase Plan & Trust v. ADM Inv'r Servs., Inc., 146 F.3d 1309, 1311 (11th Cir. 1998). The FAA "imposes a heavy presumption in

3

favor of confirming arbitration awards" and, accordingly "a court's confirmation of an arbitration award is usually routine or summary." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002). The party requesting vacatur bears the burden of proving one of the four limited statutory bases[1] for overturning an award as set forth in the FAA. Id.

This Court has long held that the failure of a party "to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the [FAA] bars [it] from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the USAA to confirm the award." Cullen v. Paine, Webber, Jackson & Curtis, Inc., 863 F.2d 851, 854 (11th Cir. 1989). Moreover, litigants may not raise new arguments in a motion to reconsider brought under either the Northern District's local rule 7.2(E) or under Federal Rule 59(e). See Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003) ("Reconsideration [under Local Rule 7.2(E)] is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact."); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992)

---

[1] Awards will only be vacated if "(1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing when there was good cause to postpone, or in refusing to hear pertinent and material evidence, or were guilty of any other misbehavior which may have prejudiced any party; or (4) the arbitrators exceeded their powers so much so that a mutual, final, and definite award upon the subject matter submitted was not made." Riccard, 307 F.3d at 1288 (citing 9 U.S.C. § 10(a)).

4

("Motions to amend [under Rule 59(e)] should not be used to raise arguments which could, and should, have been made before the judgment was issued."). Finally, in order to establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), "a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1296 (11th Cir. 2003).

As an initial matter, we are persuaded that the district court was obligated to grant CareMinders' petition to confirm the arbitration award based on Compassionate Care's failure to file a motion to vacate within 90 days. On appeal, Compassionate Care argues that the district court should have considered its Answer, Defenses, and Counterclaim to Modify and/or Vacate the Arbitration Award as a motion to vacate under 9 U.S.C. Sections 9 and 12. In support of this argument, Compassionate Care notes that we have previously affirmed the decision of a district court to consider a request to vacate made in a complaint, rather than by motion. Johnson v. Directory Assistants Inc., 797 F.3d 1294, 1299 (11th Cir. 2015) ("[T]he Federal Rules are liberal, such that 'an erroneous nomenclature does not prevent the court from recognizing the true nature of a motion . . . .' "); see also O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 746 (11th Cir. 1988)

5

(affirming district court's decision to consider a motion to dismiss as a motion to vacate an arbitration award).

However, the cases cited by Compassionate Care do not control the instant action for two reasons. First, in both Johnson and O.R. Securities, this Court merely affirmed a decision of the district court to construe a facially non-compliant filing in a way that comported with the requirements of the FAA. Nothing in those two decisions should be interpreted as requiring the district court to relax the strict procedural requirements of the FAA to the point that any filing will be deemed sufficient to raise the issue of vacatur. More importantly however, the present case, unlike Johnson and O.R. Securities, is not an instance of "erroneous nomenclature" where the parties otherwise fully briefed the issue of vacatur. Rather, Compassionate Care was fully aware of its responsibility to submit an additional motion to vacate the arbitration award—twice advising the court of its intent to do so—and simply failed to meet its burden in the allotted time. While our previous cases suggest that we may have been willing to sanction a decision of the district court to construe Compassionate Care's filings as a motion to vacate—something we need not decide—the court was certainly under no affirmative obligation to do so. Accordingly, the decision of the district court to confirm the award based solely on Compassionate Care's failure to file a motion to vacate within 90 days is due to be affirmed.

6

Additionally, the district court was correct in denying Compassionate Care's motion to reconsider under Local Rule 7.2(E) and Federal Rules 59(e) and "60(a)(b)."[2] Compassionate Care failed to identify any newly discovered evidence, a change in controlling law, or a need to correct a clear error of law or fact that would warrant reconsideration under Local Rule 7.2(E). Moreover, having failed to raise their arguments before the district court confirmed the arbitrator's award, Compassionate Care was barred by the terms of Federal Rule 59(e) from raising them in a motion to amend. Finally, Compassionate Care has failed to establish any, let alone all, of the three requirements entitling them to relief based on mistake, inadvertence, or excusable neglect under Federal Rule 60(b). Accordingly, the district court's decision to deny the motion for reconsideration was not in error and is also due to be affirmed.

Finally, even if the district court incorrectly concluded that Compassionate Care failed to satisfy the procedural requirements of the FAA and even if it impermissibly denied the motion to reconsider—which it decidedly did not—the arguments in favor of vacatur were meritless. Compassionate Care has simply failed to demonstrate any of the four statutory bases for overturning an arbitrator's

---

[2] The Court is aware that Federal Rule "60(a)(b)"—under which Compassionate Care requested relief from a final judgment in the district court—does not exist. We are also aware that Federal Rule "60(b)(1)(6)"—under which they request relief in this Court—is similarly nonexistent. However, because Compassionate Care's brief on appeal alleges that their failure to file a motion to vacate was due to "mistake, inadvertence and excusable neglect" we consider the requested relief as arising under Federal Rule 60(b)(1) and proceed accordingly.

7

decision and has, accordingly, fallen well short of overcoming the heavy presumption under the FAA that arbitration awards will be enforced. Accordingly, the district court's conclusion that "the arbitrator issued a reasoned award" is independently sufficient to affirm its decision on appeal.

Therefore, because we find no error in the district court's dismissal of Compassionate Care's challenges to the arbitration award as time barred, in its denial of their motion for reconsideration, or in its ultimate conclusion that any challenges were meritless, the decision of the district court is AFFIRMED.

**AFFIRMED.**