[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-12904

————————————————

D.C. Docket No. 1:19-cv-00553-JB-M

ANN MCLAURIN,
LYNNE FITZGERALD,

Plaintiffs–Appellees,

versus

THE TERMINIX INTERNATIONAL COMPANY, LP,
TERMINIX INTERNATIONAL, INC.,

Defendants–Appellants.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama

————————————————

(September 17, 2021)

Before JORDAN, BRASHER, and JULIE CARNES, Circuit Judges.

BRASHER, Circuit Judge:

This appeal raises a question of first impression about dueling motions to confirm and vacate arbitration awards under the Federal Arbitration Act. An arbitrator awarded money damages in favor of Ann McLaurin and Lynne Fitzgerald and against the Terminix International Company LP and Terminix International, Inc. After winning the arbitration, McLaurin and Fitzgerald quickly filed a motion to confirm with the district court. The district court ordered Terminix to respond, but Terminix opted to forego any substantive opposition to the motion. Instead, it asserted what it believed was its procedural right to file a separate motion to vacate any time within three months. At the end of the three-month period, Terminix filed its motion to vacate. The district court granted the motion to confirm as substantively unopposed and struck the motion to vacate as untimely.

We affirm the district court's order granting the motion to confirm. We also conclude that the district court did not abuse its discretion when it struck Terminix's later-filed motion and thereby declined to rule on its merits. We recommend that, when faced with a motion to confirm filed within three months of an arbitration award, district courts enter a briefing schedule that sets simultaneous deadlines for the losing party to file an opposition to the motion to confirm, if any, and to file a motion to vacate, modify, or correct, if any. This practice will prevent similar disputes from arising in the future.

2

**I.**

Ann McLaurin and Lynne Fitzgerald, two retired educators in their seventies, bought a house on Dauphin Island to spend their retirement birdwatching. The island lies just off the coast of Alabama, a little over five miles south of Mobile and fifty-five miles west of Pensacola, as the crow flies. Lying at the heart of many birds' semi-annual migration routes, the island also happens to be the first land that many migrating birds will see after a long flight across the Caribbean. These characteristics make Dauphin Island a prime habitat for birds and the "birders" who observe them.

Unfortunately for McLaurin and Fitzgerald, their dream house was eaten by termites. Before McLaurin and Fitzgerald purchased the house, Terminix had contracted with the previous owner to provide termite prevention services. Under that contract, Terminix had agreed to inspect the property for termites or any previous termite-related-damage. Terminix also had agreed to perform annual inspections of the house and either to treat and repair any termite damage or to replace the house if damaged beyond repair. This contract was assigned to McLaurin and Fitzgerald when they purchased the house.

Four years after McLaurin and Fitzgerald moved into the house, their third-party pest control operator discovered live termites, mud tunnels, and significant termite damage to their house. He contacted Terminix, and Terminix engaged in various sub-standard repairs until it became apparent that the house would have to

be torn down. McLaurin and Fitzgerald filed a complaint against Terminix. When the case proceeded to arbitration, Terminix could not present any documentary evidence that it had provided the initial inspection or any subsequent annual follow up inspection. The arbitrator awarded McLaurin and Fitzgerald $2,767,900.00 against Terminix.

Two days after winning the arbitration award, McLaurin and Fitzgerald filed a complaint in district court to confirm the award and enter final judgment. Two weeks later, Terminix filed an answer, which said nothing of substance. Instead, the answer said that Terminix intended to file a motion to vacate the award "on or before November 14, 2019." Several days later, McLaurin and Fitzgerald filed a motion to confirm the arbitration award and enter final judgment. The district court then ordered that "[a]ny opposition to the Motion shall be filed no later than September 25, 2019, and any reply to an opposition shall be filed no later than October 2, 2019."

On September 25, 2019, Terminix filed a four-page brief that said McLaurin and Fitzgerald's motion to confirm was "premature" and "procedurally improper" because it was filed within three months of the arbitration award. Terminix did not identify any substantive reason for the district court not to confirm the arbitration award. McLaurin and Fitzgerald replied that their motion was timely and asked the court to expeditiously confirm the award because "Plaintiff Fitzgerald is 75 years old and without a place to live . . . except for her travel camper." Terminix waited

until November 12, 2019, to file a motion to vacate the award, which identified substantive reasons for undoing the award.

The district court confirmed the arbitration award against Terminix and struck Terminix's motion to vacate as untimely. Terminix timely appealed the district court's order. McLaurin and Fitzgerald filed a motion for sanctions against Terminix for taking a frivolous appeal.

## II.

When reviewing an appeal from an order confirming an arbitration award, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *Gianelli Money Purchase Plan & Tr. v. ADM Inv. Servs., Inc.*, 146 F.3d 1309, 1311 (11th Cir. 1998). Courts have broad authority to control their dockets, and decisions related to timing issues are reviewable only for abuse of discretion. *See J.D. Pharm. Distribs., Inc. v. Save-on Drugs & Cosms. Corp.*, 893 F.2d 1201, 1209 (11th Cir. 1990). We also review a district court's interpretation of its own orders for an abuse of discretion. *In re Managed Care*, 756 F.3d 1222, 1234 (11th Cir. 2014). And we review a district court's "decision to hold litigants to the clear terms of its scheduling orders" for abuse of discretion. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

**III.**

Before addressing the parties' arguments, we need to discuss the mechanics and characteristics of motions to confirm and motions to vacate, modify, or correct under the Federal Arbitration Act. *See* 9 U.S.C. § 9, 10, 11. These motions all replace what would otherwise be a separate breach of contract action to enforce or dispute an arbitration award, but they serve different purposes, request different relief, and are governed by different provisions of the FAA. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008); *compare id.* § 16(D) (allowing appeals from orders confirming or denying confirmation of an award) *with id.* § 16(E) (allowing appeals from orders modifying, correcting, or vacating an award). As for a motion to confirm, the arbitration's winner "seeks confirmation by a court generally because he fears the losing party will not abide by the award;" when he is "[a]rmed with a court order[,] the winning party has a variety of remedies available to enforce the judgment." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). On the other hand, the arbitration's loser (or winner) may file a motion to vacate, modify, or correct because he wants to re-arbitrate before a different arbitrator, to reduce or increase the amount of the award, or to fix an evident mistake in the award. 9 U.S.C. § 10(b); *id.* § 11(a)–(c).

Because the FAA reflects a national policy in favor of arbitration agreements, there is a "presumption under the FAA that arbitration awards will be confirmed[.]"

6

*Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010). To that end, the FAA provides only limited grounds for undoing or modifying an arbitration award, such as fraud, corruption, or an evident miscalculation. 9 U.S.C. §§ 10 (vacatur), 11 (modification or correction). But it allows a party to file a motion to confirm an arbitration award for any reason, which "the court must grant . . . unless the award is vacated, modified, or corrected[.]" *Id.* § 9; *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."). Moreover, the deadline to file a motion to challenge an arbitration award is only three months, but the FAA gives the parties up to a year to file a motion to confirm. *Compare* 9 U.S.C. § 12 *with id.* § 9. The upshot is that if three months elapse without the losing party having filed a motion to vacate, modify, or change the award, then the losing party will be unable to defend against a later-filed motion for confirmation on any grounds set out in Section 10 or Section 11. *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F. 2d 851, 854 (11th Cir. 1989) ("[T]he failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the [FAA] bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the [FAA] to confirm the award.").

Sometimes, as in this case, a successful party files a motion to confirm an arbitration award before the losing party's three-month limitations period has run. Within the three-month limitations period, the FAA allows the losing party to oppose the motion to confirm based on the moving party's failure to comply with the statute or the reasons specified in the statute for vacating, modifying, or correcting the award. *See Frazier*, 604 F.3d at 1324 (defenses to a motion to confirm are limited to those grounds in Section 10 and 11 of the statute); *Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 929 n.4, 932 (11th Cir. 1990) (same). The losing party can also take up to three months from the arbitration award to file a separate motion to vacate, modify, or correct the award. And, if the losing party files a timely motion, it may ask the court to stay the proceedings to confirm the award until the court rules on the separate motion to vacate, modify, or correct. 9 U.S.C. § 12 (contemplating such a stay).

When a motion to confirm is filed before the time to challenge an arbitration award has lapsed, we believe that the best practice is for a district court to issue an order that sets simultaneous deadlines for a losing party to file an opposition to the motion to confirm, if any, and to file a separate motion to vacate, modify, or correct, if any. Individual circumstances may justify a different approach in certain cases. But a district court that follows this best practice will be on sound legal footing and ensure that all issues are fully and fairly litigated.

8

**IV.**

Now, we turn to the facts of this appeal. When McLaurin and Fitzgerald filed a motion to confirm, the district court did not set simultaneous deadlines for Terminix to file a brief in opposition to confirmation and a motion to vacate the award. Instead, the district court ordered that "any opposition to the [motion to confirm] shall be filed no later than September 25, 2019" and did not expressly set a separate deadline for a motion to vacate, modify, or correct. For its part, Terminix's response was baffling. Rather than make substantive objections to the motion to confirm, seek an extension to oppose it, or ask the district court to wait to rule on it, Terminix filed a four-page brief, arguing only that the motion to confirm was filed too soon. Terminix waited to raise its substantive arguments until it filed a motion to vacate a month-and-a-half after the district court's deadline to oppose confirmation. In response, the district court rejected Terminix's procedural argument, granted the motion to confirm as substantively unopposed, and struck Terminix's motion to vacate as untimely.

Terminix makes two arguments on appeal. First, it argues that a court cannot confirm an arbitration award without giving the losing party three months to file its motion to vacate, modify, or correct. Second, it argues that, even if the district court correctly rejected its procedural argument, the district court should have considered and ruled on the merits of its separate motion to vacate. Like the district court, we

9

conclude that Terminix's first argument is incompatible with the plain text of the statute. As for the second argument, we cannot say the district court abused its discretion in declining to rule on the merits of Terminix's later-filed motion to vacate.

**A.**

We conclude that the district court did not err in granting the motion to confirm. When Terminix filed its four-page opposition brief to the motion to confirm, it made only one argument against confirmation—that the motion was procedurally improper because three months had not elapsed, making confirmation premature. That argument fails for several reasons.

To start, the FAA does not impose an automatic three-month stay on confirmation. Instead, the statute explicitly authorizes a party to file a motion to confirm at any time during the year immediately following an arbitration award. This timeline does not change based on whether a losing party intends to challenge an award by filing its own motion. Section 12 grants a court the *discretion* to stay litigation on a motion for confirmation when it is considering a motion to vacate or modify the award. The statute provides that "any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion [to vacate or modify], staying the proceedings of the adverse party to enforce the award." 9 U.S.C. § 12. Because the FAA expressly

10

provides for this discretionary stay, it makes no sense to conclude that the FAA also imposes a mandatory stay. *See United States v. Hurtado*, 779 F.2d 1467, 1475 (11th Cir. 1985) ("[W]e may not import into the statute a provision Congress elected not to include."); A. Scalia & B. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 107 (2012) (discussing the negative implication canon). So, the motion to confirm was timely and procedurally proper even though it was filed within three months of the arbitration award.

Terminix contends that, even if litigation may *proceed* on a motion to confirm within the first three months after an arbitration, an award cannot be *confirmed* if the court has notice that the losing party intends to file a motion to vacate, modify, or correct the award. Again, we disagree. The FAA provides that a motion to confirm "must" be granted "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. For this reason, "a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002). Of course, a court cannot grant a motion to confirm without giving the opposing party an opportunity to respond or ruling on a timely opposition to the motion. But the FAA does not, as Terminix contends, condition confirmation on the absence of an *expected* motion to vacate.

11

We find support for this conclusion in the only circuit precedent to have expressly addressed a comparable argument: *The Hartbridge.*, 57 F.2d 672 (2d Cir. 1932). There, the prevailing party in an arbitration proceeding filed a motion in federal district court to confirm the award within a month of its issuance. In opposition, the losing party argued that the district court lacked jurisdiction to entertain the motion because its three months to file a motion to vacate had not expired. *See id.* at 672-73. After the district court confirmed the award, the Second Circuit rejected the losing party's argument that the district court lacked jurisdiction. It explained that the prevailing party's motion to confirm "was not premature" because there is nothing in the text of the FAA to suggest that a prevailing party has to "refrain during [the three-month vacatur] period from exercising the privilege conferred by [§] 9 to move 'at any time' within [a] year [to confirm]." *Id.* at 673. Instead, the Second Circuit explained that the party opposing confirmation of an arbitration award may "object upon any ground which constitutes a sufficient cause under the [FAA] to vacate, modify, or correct, although no such formal motion has been made." *Id.*

We agree with the Second Circuit's reasoning. Nothing in the statute prevents a party from moving for confirmation of an award within three months of that award or mandates that a district court wait to rule on such a motion because another party may file a motion to vacate. And, as we have already explained, a party may raise

the grounds under Section 10 and Section 11 as defenses to a motion to confirm an arbitration award so long as those defenses are timely under the statute and any scheduling order. *See Frazier*, 604 F.3d at 1324; *Cullen*, 863 F. 2d at 854; *Booth*, 902 F.2d at 929.

In short, nothing in the FAA required McLaurin and Fitzgerald to wait to file their motion to confirm until after Terminix filed its motion to vacate, modify, or correct. The district court correctly rejected Terminix's procedural argument and granted the motion to confirm.

**B.**

We also conclude that, after deciding to grant the earlier-filed motion to confirm, the district court did not abuse its discretion in declining to rule on the merits of Terminix's later-filed motion to vacate. This is so for two reasons.

First, we cannot say the district court abused its discretion in interpreting and applying its scheduling order. The district court directed Terminix to file "any opposition" to confirming the award by late September, and, later, said that it had intended "any opposition" to mean any ground for opposing the award, even a substantive ground that could otherwise be raised in a motion for vacatur. Specifically, the district court held that its order "imposing a deadline to file any objections" to the motion required Terminix "to articulate grounds for vacatur prior to the expiration of the three-month period provided in [Section] 12 for filing a

'notice of a motion to vacate.'" When construing a court order, the goal is to determine the intent of the issuing court. Accordingly, when an issuing judge interprets alleged ambiguities in his or her own order, we accord substantial deference to that interpretation. *See In re Blackwood Assocs*., L.P., 153 F.3d 61, 66 (2d Cir. 1998) (explaining that such deference is premised on "the truism that the draftsman of a document is uniquely situated to understand the intended meaning of that document").

Terminix argues that the district court's order cannot bear the district court's interpretation, but we disagree. We have explained that "'any' means all." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1186 (11th Cir. 1997). And there is no dispute that Terminix could have asserted in its opposition brief the same Section 10 and Section 11 grounds that it later identified in its motion to vacate. *See Frazier,* 604 F.3d at 1324. Moreover, at the time of the district court's scheduling order, Terminix had already responded to the request for confirmation with a cursory "Notice of Intention to File Motion to Vacate" that did not identify any grounds for denying the motion to confirm. At the very least, the district court's scheduling order clearly set a deadline for Terminix to identify and explain its grounds for opposing confirmation, whether in a filing styled as a brief or as a motion.

Terminix also argues that a court cannot, as a matter of law, shorten the three-month period for an arbitration loser to give "[n]otice of a motion to vacate, modify,

14

or correct an award." 9 U.S.C. § 12. We agree that a court cannot unliterally *extend* the statutory deadline to serve a motion to vacate an arbitration award under 9 U.S.C. § 12. 4B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2021); *Argentine Republic v. Nat'l Grid PLC*, 637 F.3d 365, 368–69 (D.C. Cir. 2011). But it does not follow that a court cannot shorten this statutory deadline in a routine scheduling order. The statutory deadline for giving notice of a motion to vacate sets an outer bound; it does not impose a three-month delay for the benefit of an arbitration's loser. Moreover, courts routinely set scheduling deadlines for parties to raise claims or defenses that are shorter than the applicable statute of limitations. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (noting that district courts have "discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion"). Accordingly, it seems clear to us that, if a district court already has jurisdiction over an arbitration dispute before a motion to vacate is filed, it may set a reasonable schedule for a party to file such a motion.

In any event, Terminix could have, and should have, identified all its reasons for opposing confirmation by the district court's deadline. Although the district court did not expressly shorten Terminix's time for serving notice of a motion to vacate, it set a late September deadline for Terminix to identify grounds for denying the motion to confirm. Because Terminix did not make any Section 10 or Section 11 arguments by the deadline, the district court reasoned that Terminix had waived

15

those arguments and concluded that Terminix could not revive its waived arguments in a later-filed motion. *Cf. Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("failure to make arguments and cite authorities in support of an issue waives it"). Under these unique circumstances, we cannot say the district court abused its discretion in striking Terminix's motion as inconsistent with its scheduling order.

Second, even were we to adopt Terminix's position on the district court's scheduling order, we would conclude that Terminix's later-filed motion was moot in light of Terminix's failure to oppose the motion to confirm. Again, we find the Second Circuit's reasoning in *The Hartbridge* to be persuasive. As explained above, the FAA does not impose an automatic stay on confirmation until the losing party's motion to vacate, modify, or correct has been filed. Instead, the FAA "sets an outside limit within which a notice to vacate must be served; it does not say that such a motion may be made at any time within the three months even though the award has gone into judgment." *The Hartbridge*, 57 F.2d at 673. It follows, then, that a losing party who wants to preserve its right to litigate a later-filed motion to vacate, modify, or correct must, at the very least, oppose the winning party's earlier-filed motion to confirm by a district court's deadline. As a practical matter, a "motion to confirm

puts the other party to his objections" because he cannot litigate a later-filed motion to vacate if the earlier-filed motion to confirm succeeds. *Id.*

Here, as we have explained, Terminix did not oppose the motion to confirm with a substantive argument. We have held that a party can raise Section 10 and Section 11 grounds as defenses to a motion to confirm. *See Frazier,* 604 F.3d at 1324. But neither Terminix's answer nor its opposition brief identified any of those defenses, even in a cursory manner. In *The Hartbridge*, the arbitration's loser asked for more time to oppose the motion to confirm because certain documents had been lost. *See* 57 F.2d. at 673-74. But, here, Terminix never asked the district court to delay ruling on the motion to confirm or for more time to respond. Accordingly, because the motion to confirm was effectively unopposed, that motion was due to be granted, and Terminix's own later-filed motion was moot. *See* 9 U.S.C. § 9. For this additional reason, under these unique circumstances, we cannot say the district court abused its discretion in declining to rule on the merits of Terminix's later-filed motion to vacate.

Finally, Terminix argues that its later-filed motion necessarily preserved its arguments under our unpublished, nonprecedential opinion in *Careminders Home Care, Inc. v. Kianka*, 666 F. App'x 832 (11th Cir. 2016). But we disagree. In *Careminders*, we reasoned that a district court did not abuse its discretion by refusing to rule on "broad allegations" of FAA grounds for vacatur that an arbitration loser

17

asserted in its "answer" to a motion to confirm. *Id.* at 833. We explained that the arbitration's loser—despite promising to file a separate, timely motion to vacate—had never expanded on its allegations in a separate motion or otherwise briefed the issue of vacatur. Here, of course, the question is not whether Terminix would have preserved its arguments by cursorily asserting them in a timely brief in opposition to the motion to confirm. Instead, the question is whether an arbitration's loser has the right to decline to identify any Section 10 or Section 11 reason to deny a motion to confirm by a deadline set by a district court and then, after that deadline, raise those grounds for the first time in a motion to vacate. *Careminders* has no bearing on that question, which we answer in the negative.

## V.

Again, we encourage district courts faced with motions to confirm to set simultaneous deadlines for the arbitration's losing party to file an opposition to the motion to confirm, if any, and to file a separate motion to vacate, modify, or correct, if any. Nonetheless, a district court is the master of its own docket, and the parties ignore its orders at their peril. Here, the district court was within its discretion in granting McLaurin and Fitzgerald's substantively unopposed motion to confirm without addressing Terminix's later-filed motion to vacate. Accordingly, we affirm the district court's judgment.

But we deny McLaurin and Fitzgerald's motion for sanctions. An award of damages and costs under Federal Rule of Appellate Procedure 38 is appropriate when an appellant raises "clearly frivolous claims in the face of established law and clear facts." *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016). "[A] claim is clearly frivolous if it is utterly devoid of merit." *Id.* (internal quotation marks omitted). Although we ultimately do not agree with Terminix's reading of the FAA, we cannot say that its appeal is "utterly devoid of merit." Both sides advanced plausible arguments on this issue of first impression. And appeals about issues of first impression are unlikely to be frivolous. *See Albra v. Advan, Inc.*, 490 F.3d 826, 835 (11th Cir. 2007) (denying motion for Rule 38 sanctions because "resolution of the appeal required us to decide *two* issues of first impression").

The district court's judgment is **AFFIRMED**, and the motion for sanctions is **DENIED.**