[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13264

Non-Argument Calendar

_____

VITAL PHARMACEUTICALS, INC.,
A Florida Corporation d.b.a. VPX Sports,

                                        Plaintiff-Counter Defendant-Appellant,

*versus*

MONSTER ENERGY COMPANY,
A Delaware Corporation,
REIGN BEVERAGE COMPANY, LLC,
A Delaware Limited Liability Company,

                                        Defendants-Counter Plaintiffs-Appellees,

JHO INTELLECTUAL PROPERTY HOLDINGS, LLC,

Cross Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-60809-RKA

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Vital Pharmaceuticals, Inc. ("VPX"), appeals the district court's decision to strike its claim for actual damages—and, as a result, its jury demand—as a discovery sanction in this trademark and trade dress infringement action against Monster Energy Company ("Monster") and Reign Beverage Company, LLC ("Reign"). The court found that VPX violated its discovery obligations by failing to disclose the amount of damages it was seeking or how those damages might be computed, and that its failure was neither substantially justified nor harmless. After the court conducted a bench trial and ruled against VPX on its remaining claims, VPX appealed the sanctions ruling. Because the district court's decision to impose sanctions was amply supported by the record and its choice of sanction was reasonable under the circumstances, we affirm.

## I.

In March 2019, VPX filed a complaint against Monster and Reign seeking injunctive relief, damages, and disgorgement of profits for trade dress infringement, trademark infringement, and unfair competition.  VPX and Monster are competitors in the energy-drink marketplace.  The gist of VPX's complaint was that Monster created Reign to market a line of energy drinks that blatantly infringed the trade dress VPX used on its "Bang" line of energy drinks to confuse consumers.  We refer to the defendants collectively as "Monster."

VPX served its initial disclosures under Rule 26, Fed. R. Civ. P., in May 2019.  In a section of that filing regarding "Computation of Damages," VPX wrote that it sought "monetary relief as set forth in its Complaint, including Defendants' profits," but that it "has not yet made a computation of its damages because it requires discovery from Defendants in order to do so."

In July 2019, Monster served a second set of interrogatories requesting more information about "the form of damages (e.g., lost profits, some other form of damage, etc.)" and "the method and the basis for computing those damages," among other things.  In its October 2019 response, VPX objected to the request as "premature" and indicated that the information would be provided through "[e]xpert reports and testimony."  Later that month, it filed an amended response stating that it sought damages including (1) disgorgement of profits, (2) lost sales, and (3) damage to goodwill and reputation.  It advised that the amount of such damages

was "presently unknown," but that "[e]xpert reports and testimony" will be served "in support of this damages claim." "In the meantime," VPX stated, it "will produce appropriate native format financial records relating to the sales of the BANG product."

Despite these promises, though, the expert deadline in November 2019 came and went without any expert report on VPX's damages.[1] And VPX's CEO, whom VPX had proffered as a witness on the issue of damages, evaded nearly all of Monster's damages-related questions during his January 2020 deposition, and instead suggested that the issue was for an expert. At best, the CEO provided some limited information about the remedy of disgorgement, but not lost sales or loss of goodwill.

On March 19, 2020, about two months before the scheduled trial date in May 2020, Monster moved to strike the claim for actual damages on the ground that VPX had failed to disclose "any calculation of the amount of damages it claims to have incurred, or the bases for any belief it may have that it has suffered damages in that undisclosed amount." Monster also contended that the district court should strike VPX's jury demand because the other remedies requested, including disgorgement of profits, were equitable in nature and provided no right to a jury trial.

---

[1] VPX later moved to extend the deadline for serving expert reports, arguing that it had missed the deadline due to a docketing error. The district court denied the motion, and VPX does not challenge that ruling on appeal.

In response, VPX responded that sanctions were not appropriate because expert testimony was not required to establish actual damages and because it had identified its theories of damages and "produced considerable financial-related documents" to quantify those damages.  For the same reasons, it opposed striking the jury demand.  Monster replied in part that the production of the financial documents did nothing to alleviate VPX's failure to provide a computation of its actual damages and the factual and legal grounds for that computation.

The district court held a hearing in May 2020.  The court began the hearing by outlining its general views on the matter.  On the one hand, the court stated, sanctions were appropriate based on VPX's failure to offer a computation of its damages and the methodology it used.  But on the other hand, the court observed, Monster never filed a motion to compel, which could have "nipped this in the bud," and instead sought sanctions on "the eve of trial," which suggested "a little bit of gamesmanship and gotcha."  The court then questioned the parties.

Monster explained that, after VPX failed to produce the promised expert report on damages or to "put together an actual damages case," it believed VPX was going to "rely on simply disgorgement," which was relatively easy to prove.  For its part, VPX repeated arguments from its briefing but failed to offer any clarification of its computation of damages or the methodology it would use to prove actual damages to the jury.

Ultimately, the district court granted the motion to strike VPX's claim for actual damages under Rule 37, Fed. R. Civ. P. The court found that VPX had "entirely failed to disclose its computation of damages as required by Rule 26(a) and (e)." VPX, the court noted, rebuffed Monster's interrogatories on damages as "premature" and then failed to provide the promised expert report on damages. The court further concluded that the failure was neither substantially justified nor harmless. It observed that VPX had offered no justification for its failure, and that Monster would be prejudiced because it "had no opportunity to test the Plaintiff's theory in discovery" and would have to "guess at both the amount of the Plaintiff's actual damages and the methodology." Because VPX's remaining claims were equitable, not legal, in nature, the court struck the jury demand as well.

The district court conducted a lengthy bench trial and ruled against VPX on its remaining claims in an extremely thorough 128-page order. VPX appeals, arguing solely that the court abused its discretion by striking VPX's claim for actual damages.

## II.

Our review of a district court's decision to impose sanctions under Rule 37 for discovery violations is "sharply limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1211 (11th Cir. 2010) (quotation marks omitted). "A district court abuses its discretion when it misconstrues its proper role, ignores or misunderstands the

relevant evidence, and bases its decision upon considerations having little factual support." *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006) (quotation marks omitted).

Rule 26(a) requires a party to disclose "a computation of each category of damages claimed by the disclosing party," among other information.  Fed. R. Civ. P. 26(a)(1)(A)(iii).  Rule 26(e) requires a party to supplement its Rule 26(a) disclosures or its other discovery responses if it "learns that in some material respect the disclosure or response is incomplete or incorrect" and the information has not otherwise been made known to the other parties. Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c) provides for sanctions against a party that fails to disclose information required under Rule 26(a) or (e).  Among other sanctions, the district court may exclude a category of damages that was not properly disclosed.  In *Mee Industries*, for example, we affirmed the exclusion of the plaintiff's loss-of-goodwill-damages theory based on lack of notice in the required Rule 26 disclosures and the interrogatories of both the theory and the calculation of damages.  608 F.3d at 1221–22.  Sanctions are not warranted, however, if the "failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

Here, the district court acted well within its discretion when it excluded VPX's actual-damages theories as a sanction for discovery violations.  To start, VPX does not meaningfully dispute the court's findings that it entirely failed to provide damages

information required by Rule 26(a) and requested in Monster's interrogatories. As the court noted, VPX failed to offer any computation of its damages in its Rule 26(a) disclosures, rebuffed Monster's interrogatories related to damages as "premature," failed to submit a promised expert report on damages, and offered witnesses who gave little to no material information on the issue of damages.

Nor did the district court abuse its discretion in concluding that the failure to provide this information was not "substantially justified" or "harmless." *See* Fed. R. Civ. P. 37(c). VPX has offered no justification for failing to comply with its discovery obligations. The mere fact that Monster did not file a motion to compel could not have "lull[ed] VPX into believing it had satisfied its burden" under the circumstances here. VPX Br. at 23. The deficiency of VPX's disclosures and responses was obvious, and VPX failed to provide the expert report on damages it had promised would cure those deficiencies. VPX's failure was also harmful. While VPX identified categories of damages and produced financial records, it never presented the required computation of lost sales or loss of goodwill, much less how those damages might be computed.

And it still has not. VPX's briefing simply points in general terms to the parties' sales and accounting records and the testimony of its corporate representatives. But it fails to explain what Monster (or the district court, for that matter) was supposed to glean from this information, or how Monster could have prepared an effective defense. As we stated in *Mee Industries*, "calculating the goodwill of a business and the harm to that goodwill that flows

from a particular lawsuit will often involve complex financial calculations." 608 F.3d at 1222. Indeed, the record shows that VPX thought it would require complex calculations in this case, given its promises to provide an expert report. So the district court reasonably concluded that VPX's failure to provide a damage calculation was not harmless. *See id.* (failure to provide a damage calculation for loss of goodwill damages was not harmless).

Finally, the district court's choice of sanction was reasonable and appropriate. The court reasoned that Monster had been prejudiced by VPX's failure to comply with its discovery obligations, and that permitting VPX to seek actual damages would eviscerate the requirement for a party to disclose its damages computation. Moreover, VPX's proposed sanctions are wholly inadequate to cure the harm here. We fail to see why the court should have given VPX more time to submit a damages calculation when it had ample opportunity to do so. And in any event, giving Monster "a week to respond" to the damages computation is no remedy because, as the court observed, Monster was deprived of the opportunity to conduct targeted discovery to test the claimed damages. Also, a directed verdict at trial would not be appropriate because the issue was not about the sufficiency of the evidence, but rather about Monster's ability to prepare a targeted defense and the fairness of the trial.

Because the district court properly excluded VPX's claim for actual damages, it also did not err by conducting a bench trial. VPX's remaining remedies, including disgorgement of profits,

were equitable, not legal, in nature, so it was not entitled to a jury trial on those matters. *See Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1359 (11th Cir. 2019) ("[A]n accounting and disgorgement of a defendant's profits in a trademark infringement case is equitable in nature and does not carry with it a right to a jury trial.").

For these reasons, we affirm the district court's decision to impose discovery sanctions and the resulting decision to strike VPX's jury demand.

## III.

On appeal, Monster moves for sanctions against VPX in the form of attorney's fees and double costs. As grounds for sanctions, Monster claims that the appeal is frivolous both because VPX waived its appellate arguments by raising them for the first time on appeal or only in a motion for reconsideration, and because it makes little effort to show an abuse of the court's discretion.

"An award of damages and costs under Federal Rule of Appellate Procedure 38 is appropriate when an appellant raises clearly frivolous claims in the face of established law and clear facts." *McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1243 (11th Cir. 2021) (quotation marks omitted). And in this Circuit, "a claim is clearly frivolous if it is 'utterly devoid of merit.'" *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016) (quotation marks omitted). As these rules show, a losing appeal is not synonymous with a frivolous one.

We decline to award sanctions in this case. Monster overstates any preservation issues. For instance, we do not read VPX's briefing to dispute the court's finding that it failed to comply with its discovery obligations, a failure it acknowledged before the district court. And while its arguments were developed and refined a bit more in a motion for reconsideration and on appeal, particularly its suggested alternative sanctions, its response in opposition to Monster's motion to strike presented essentially the same position that it takes on appeal: that its discovery failures were justified by Monster's failure to move to compel or were harmless because it identified the categories of damages it sought and produced sufficient supporting financial records to quantity those damages. Nothing in this regard strikes us sanctionable.

The appeal also was not so "utterly devoid of merit" as to warrant sanctions. *See Parker*, 835 F.3d at 1371. Although we have concluded that the district court acted well within its discretion, there were reasonable grounds for good-faith disagreement, and VPX's briefing identified relevant case law that could be construed to support its position. Nor do we see anything to suggest that VPX has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," such that sanctions might otherwise be appropriate. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quotation marks omitted). VPX's briefing was forthright about the proceedings below and facts unfavorable to it. And VPX raised only a discrete, key issue on appeal in an otherwise extensive and complex case. For these reasons, we deny the motion for sanctions.

## IV.

In sum, we **AFFIRM** the district court's order imposing discovery sanctions and striking VPX's jury demand. We **DENY** Monster's motion for sanctions.