[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10452

Non-Argument Calendar

_____

BOBBY W. BRYANT, JR.,

Plaintiff-Appellant,

*versus*

NORFOLK SOUTHERN RAILROAD,
JASON MCWILLIAMS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cv-00225-TES

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Bobby W. Bryant, Jr. appeals from the district court's order granting summary judgment to Norfolk Southern Railroad (Norfolk), his employer, on his claims alleging a hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 3, and dismissing related state-law claims against Jason McWilliams, his former co-employee. After careful review, we affirm.

First, Bryant challenges the district court's denial of his motion to strike portions of an affidavit submitted by Norfolk in support of its summary judgment motion because it contained inadmissible hearsay. Even assuming the challenged testimony was inadmissible, it could presumably be reduced to admissible evidence at trial by having those individuals testify to their statements. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293–94 (11th Cir. 2012). Thus, we find that the district court did not abuse its discretion in denying Bryant's motion to strike. *See Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228, 1232 (11th Cir. 2004) (noting that "we will affirm a district court's evidentiary ruling unless the district court has made a 'clear error of judgment' or has applied an 'incorrect legal standard'").

Next, Bryant argues that the district court erred in accepting Norfolk's statement of material facts as true. Following the Middle

District of Georgia local rules, Norfolk submitted a statement of materials facts over which it contends there is no genuine dispute. *See* M.D. Ga. Local Rule 56. Bryant did not attach a separate and concise statement of material facts or specifically respond to any of Norfolk's numbered material facts as required by the local rules. *See id.* Thus, the district court did not abuse its discretion in finding Norfolk's statement of material facts to be admitted. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009) (stating that we "review a district court's application of local rules for an abuse of discretion").

Then, Bryant argues that the district court erred in granting summary judgment for Norfolk on his hostile work environment and retaliation claims. After a careful review of the record,[1] we find that summary judgment for Norfolk was appropriate for the reasons stated in the district court's thorough and well-reasoned order.

Lastly, Bryant argues that the district court erred in declining to exercise supplemental jurisdiction over his remaining state-law claims against McWilliams and by denying his motion to enforce a settlement agreement. After the district court found

---

[1] We review a district court's grant of summary judgment de novo, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005) (per curiam). "We will affirm the grant of summary judgment only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id.*

summary judgment appropriate for Norfolk on Bryant's federal law claims, the only remaining claims were his state-law claims against McWilliams, which the district court has discretion to decline to exercise supplemental jurisdiction over. 28 U.S.C. § 1367(c)(3). Thus, the district court did not abuse its considerable discretion in declining to exercise supplemental jurisdiction over Bryant's state-law claims and denying his motion to enforce the settlement agreement as to those claims.[2] *See Romero v. Drummond Co.*, 552 F.3d 1303, 1313 (11th Cir. 2008) (noting that "[w]e review for abuse of discretion a decision not to exercise supplemental jurisdiction").

    **AFFIRMED.**

---

[2] McWilliams moves this court to award him double costs and attorney's fees, arguing that Bryant's appeal is frivolous because we lack appellate jurisdiction over Bryant's appeal of the dismissal of the claims against him. But because the district court's dismissal without prejudice of Bryant's state-law claims was a final decision that ended litigation on the merits in federal court, we have appellate jurisdiction. Even though we find that Bryant did not show the district court abused its discretion here, Bryant's arguments are not "utterly devoid of merit." *McLaurin v. Terminix Int'l Co.*, 13 F.4th 1232, 1243 (11th Cir. 2021). Thus, McWilliams's motion for sanctions is **DENIED.**