[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11463

Non-Argument Calendar

_____

NICOLE REEVES,

Plaintiff-Appellant,

*versus*

COLUMBUS CONSOLIDATED GOVERNMENT,

Defendant- Appellee,

FORMER CHIEF RICKY BOREN, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:21-cv-00080-CDL

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Nicole Reeves, a black former police officer, challenges the district court's grant of summary judgment in favor of her former employer, Columbus Consolidated Government. We also address Columbus's motion to find this appeal frivolous and award just damages.

I.

We review de novo a district court's grant of summary judgment. *Anthony v. Georgia*, 69 F.4th 796, 804 (11th Cir. 2023). "Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quotation marks omitted). "In determining whether the movant has met this burden, [we] must view the evidence in the light most favorable to the non-movant." *Id.* "Nonetheless, unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Id.* (quotation marks omitted).

Title VII prohibits an employer from firing an employee because of race or otherwise racially discriminating against an individual with respect to the terms of her employment. 42 U.S.C. §

2000e 2(a).  Plaintiffs bear the burden of proving that their employer discriminated against them unlawfully.  *Hinson v. Clinch Cty., Georgia Bd. Of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000).  To survive summary judgment, a plaintiff must present facts sufficient to permit a jury to find there was intentional discrimination.  *Lewis v. City of Union City, Ga*, 918 F.3d 1213, 1220 (11th Cir. 2019) (en banc).  A plaintiff can do this by (1) "present[ing] direct evidence of discriminatory intent," (2) "satisfying the burden-shifting framework set out in *McDonnell Douglas*," or (3) "demonstrat[ing] a 'convincing mosaic' of circumstantial evidence that warrants an inference of intentional discrimination."  *Id.* at 1220 & n.6.

Direct evidence is that which shows an employer's discriminatory intent "without any inference or presumption."  *Hinson*, 231 F.3d at 827.  By contrast, any evidence that requires an inferential step is circumstantial.  *See Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1156 (11th Cir. 2020).  "Only the most blatant remarks whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination."  *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012) (quotation marks omitted); *see also Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 90 (11th Cir. 1997) (collecting cases where statements were sufficient to demonstrate direct evidence of discrimination under Title VII).

Under the *McDonnell Douglas* burden shifting framework,

[T]he plaintiff bears the initial burden of establishing a prima facie case of discrimination by showing (1)

> that she belongs to a protected class, (2) that she was subjected to an adverse employment action, (3) that she was qualified to perform the job in question, and (4) that her employer treated "similarly situated" employees outside her class more favorably.

*Lewis*, 918 F.3d at 1220 21.  In this circuit, "similarly situated" is defined as "similarly situated in all material respects."  *Id.* at 1226.  In *Anthony v. Georgia*, a black law enforcement officer alleged that his employer racially discriminated against him when he was placed on administrative leave following misconduct allegations.  69 F.4th at 799 801.  In determining whether the plaintiff and his proffered comparator were "similarly situated in all material respects," we looked to whether the comparator "engaged in the same basic conduct (or misconduct) as the plaintiff; was subject to the same employment policy, guideline, or rule; had the same supervisor as the plaintiff; and shared the plaintiff's employment or disciplinary history."  *Id.* at 805 (quotation marks omitted and cleaned up).

"If the plaintiff succeeds in making out a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions."  *Lewis*, 918 F.3d at 1221.  If the defendant carries its burden, "the plaintiff must then demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination, an obligation that merges with the plaintiff's ultimate burden of persuading the factfinder that she has been the victim of intentional discrimination."  *Id.* (quotation marks omitted).

Satisfying the *McDonnell Douglas* framework is not essential for a plaintiff to survive summary judgment. *Smith v. Lockheed Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). "Rather, the plaintiff will always survive summary judgment if [s]he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Id.* In other words, a court must deny a defendant's motion for summary judgment if the plaintiff "presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (footnote and quotation marks omitted).

A plaintiff may establish a "convincing mosaic" by pointing to evidence that shows, "among other things, (1) suspicious timing or ambiguous statements, (2) systematically better treatment of similarly situated employees, and (3) pretext." *Yelling v. St. Vincent's Health Sys.,* 82 F.4th 1329, 1342 (11th Cir. 2023) (quotation marks omitted*); see also Jenkins v. Nell*, 26 F.4th 1243, 1251 (11th Cir. 2022) (finding the plaintiff had established a "convincing mosaic" by showing, inter alia, that employees who committed similar misconduct remained employed, that a supervisor made racially biased comments, and that the supervisor gave "shifting reasons" for the plaintiff's termination).

While the "convincing mosaic" approach is more flexible than the *McDonnell Douglas* framework, it is not a separate legal test. *Yelling*, 82 F.4th at 1342. The plaintiff's "'mosaic' of evidence must still be enough to allow a reasonable jury to infer but-for causation." *Id.* The "convincing mosaic" framework is rather a

recognition "that courts must consider the totality of a plaintiff's circumstantial evidence" before granting summary judgment. *Id.*

The district court did not err in granting summary judgment for Columbus because Reeves failed to present facts sufficient to permit a jury to find intentional discrimination. *Lewis*, 918 F.3d at 1220. First, Reeves has not presented any direct evidence of racial discrimination. She does not point to any "blatant remarks" of racial animus and, in fact, admitted in her deposition that neither Boren nor the Office of Professional Standards ("OPS") team said anything to make her think their decisions were racially motivated. *Merritt*, 120 F.3d at 1189-90. All of her evidence requires inference or, to be more accurate, speculation to reach a finding of intentional race-based discrimination. Thus, she fails to survive summary judgment under the direct evidence approach. *See Fernandez*, 961 F.3d at 1156.

Second, Reeves fails under the *McDonnell Douglas* framework because she cannot establish a prima facie case. *Lewis*, 918 F.3d at 1220-21. She cannot establish a prima facie case because her proffered comparators were not "similarly situated in all material respects." *Id.* at 1226. Watkins, Still, and Vardman were accused of very different misconduct—on-duty use of force and violation of the requirement to log in evidence—and were governed by different policies.[1] *Anthony*, 69 F.4th at 805. While Vardman's misconduct also involved making false statements, his behavior differed

---

[1] And the decision-makers were also different with respect to Still's violation of the evidence log-in rule.

from Reeves' because Vardman came clean within minutes. None of Reeves' purported comparators involved other witnesses in lying, or engaged in prolonged lying, as did Reeves throughout the administrative proceedings and thereafter. Because Reeves fails to show she was treated differently than similarly situated non-black employees, she fails to establish a prima facie case of race-based discrimination and the *McDonnell Douglas* analysis ends there. Lewis, 918 F.3d at 1220 21.

Finally, Reeves also has not presented "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith*, 644 F.3d at 1328. The crux of her argument is that the Columbus police department had a "cover up culture" of protecting white officers who committed misconduct that did not extend to black officers. However, she has not sufficiently shown that such a culture existed. Viewing the evidence in the light most favorable to Reeves, there might have been some evidence (although not much) suggesting an attitude of "protecting our own" within parts of the Columbus police department. However, there was no evidence at all, other than Reeves' conclusory assertions, to show that such an attitude extended only to white officers. In fact, Vardman testified that if Reeves had been honest at the beginning of his investigation, he would have recommended that she, a black officer, not be charged.

Reeves' "unsubstantiated assertions" that the Columbus police department had a custom of more strictly punishing black officers do not on their own create a genuine question for the jury as

to whether her suspension and termination were racially motivated. *Anthony*, 69 F.4th at 804. Therefore, the district court was correct to grant summary judgment.

## II.

An appellate court may—in response to a separately filed motion and after a reasonable opportunity to respond—award damages and costs to the appellee if it determines that an appeal is frivolous. Fed. R. App. P. 38. "An award of damages and costs under [Rule 38] is appropriate when an appellant raises clearly frivolous claims in the face of established law and clear facts." *McLaurin v. Terminix Int'l Co.*, 13 F.4th 1232, 1243 (11th Cir. 2021) (quotation marks omitted). "[A] claim is clearly frivolous if it is utterly devoid of merit." *Id.* The Supreme Court has cautioned that when considering sanctions against a losing plaintiff in an employment discrimination case, courts should not "undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422 (1978) (discussing sanctions under § 706(k) of Title VII).

Here, although we agree with the district court that it comes close, we cannot say Reeves' appeal is so "utterly devoid of merit" to warrant sanctions. *McLaurin*, 13 F.4th at 1243.

The district court's grant of summary judgment is AFFIRMED and Columbus's motion is DENIED.