[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13248

Non-Argument Calendar

_____

STAFFORD TRANSPORT OF MICHIGAN, INC,
d.b.a. CEI,
d.b.a. Custom Ecology,
GREAT AMERICAN ALLIANCE INSURANCE COMPANY,

Plaintiffs-Counter Defendants-Appellees,

*versus*

CRUM & FORSTER SPECIALTY INSURANCE COMPANY,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-05329-VMC

_____

Before WILSON, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Appellant, the defendant below, appeals from the district court's order partially granting and partially denying Appellees' motion for summary judgment. That order concluded that Appellees, the plaintiffs below, were covered under an insurance policy issued by Appellant, but declined to further award damages. Appellant asserts that the order is immediately appealable under 28 U.S.C. § 1292(a)(1). Appellees move to dismiss this appeal as frivolous, arguing that we lack jurisdiction because the district court's order is not immediately appealable.

We conclude that the district court's order is not appealable under § 1292(a)(1). As an initial matter, the district court did not explicitly grant an injunction or make the sort of factual findings and legal conclusions that customarily accompany a grant of injunctive relief. *See Positano Place at Naples I Condo. Ass'n v. Empire Indemnity Ins. Co.*, 84 F.4th 1241, 1249 (11th Cir. 2023).

Moreover, the district court's order is not appealable as having the practical effect of an injunction. *See id.* at 1251-52. The order did not direct Appellant to take any action or immediately pay or reimburse Appellees. It instead simply found that

23-13248                Opinion of the Court                3

Appellant's insurance policy covers Appellees. For that reason, the order also does not impose "a serious, perhaps irreparable, consequence" and can be effectively reviewed on appeal from a proper final judgment. *See id.* The district court has not determined the extent of past or future damages to be awarded to Appellees, and Appellant's liability under the insurance contract can be reviewed along with that damages determination.

Finally, the district court's order is not the sort of declaratory judgment that "sometimes" contains certain injunctive qualities that makes it immediately appealable. *See James River Ins. Co. v. Ultratec Spec. Effects Inc.*, 22 F.4th 1246, 1252 (11th Cir. 2022). While the order "provides relief on the merits," it does not provide any express direction to Appellant that is presently enforceable by contempt. *See id.*

Accordingly, Appellees' motion to dismiss this appeal is GRANTED and this appeal is DISMISSED for lack of jurisdiction.[1]

---

[1] The parties' motions to impose sanctions for damages and costs are DENIED. *See McLaurin v. Terminix Int'l Co.*, 13 F.4th 1232, 1243 (11th Cir. 2021).