[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10709

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIE JEROME DAVIS,
a.k.a. Mobey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:12-cr-00087-WKW-CSC-2

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Willie Jerome Davis, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion for compassionate release. After careful consideration, we affirm.

## I.

In 2013, a jury convicted Davis of one count of conspiring to possess with intent to distribute five kilograms or more of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; nine counts of unlawful use of a communication facility, in violation of 21 U.S.C. § 843; and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (a)(2). Because Davis had two prior felony drug convictions, he faced a mandatory life sentence on the drug conspiracy count. *See* 21 U.S.C. § 841(b)(1)(A) (2013) (requiring court to impose a life sentence in a case involving five kilograms or more of powder cocaine when the defendant has "two or more prior convictions for a felony drug offense"). At sentencing, the district court imposed a life sentence. Davis appealed, and we affirmed. *See United States v. Reese*, 611 F. App'x 961 (11th Cir. 2015) (unpublished).

In 2021, Davis filed a motion under 18 U.S.C. § 3582(c)(1)(A) seeking compassionate release. Davis acknowledged that under § 3582(c)(1)(A) the district court had authority to reduce his sentence only if it found that extraordinary and compelling

circumstances warranted a reduction. Davis argued that extraordinary and compelling circumstances were present based on a change in the law. He pointed out that Congress has recently amended § 841(b)(1)(A) and argued he would not be subject to a mandatory life sentence under the amended statute. After the amendment, a defendant who committed an offense involving five kilograms or more of powder cocaine was subject to a mandatory life sentence due to prior drug convictions only if the prior convictions qualified as "serious drug felon[ies]." 21 U.S.C. § 841(b)(1)(A) (2021). And Davis said that his prior convictions did not qualify as serious drug felonies.

The district court denied Davis's motion. It explained that this Court had held that the circumstances rising to the level of extraordinary and compelling reasons for a sentence reduction were limited to the grounds set forth in the policy statement at § 1B1.13 of the Sentencing Guidelines. *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021). Because Davis was relying on a ground that was not set forth in § 1B1.13, the district court reasoned, he had not shown that extraordinary and compelling reasons warranted a sentence reduction.

Over a year later, Davis filed a motion for reconsideration, again arguing that he had established extraordinary and compelling circumstances for a sentence reduction. While Davis's motion was pending before the district court, he requested a stay because the Sentencing Commission was considering an amendment to clarify what constituted extraordinary and compelling circumstances

under § 1B1.13. Davis asked the court to wait to rule on his motion for reconsideration in case the proposed amendment went into effect.

The district court denied Davis's motions. Based on *Bryant*, it again concluded that Davis had not demonstrated extraordinary and compelling circumstances for a sentence reduction. The court also denied Davis's request for a stay. This is Davis's appeal.

## II.

We review for abuse of discretion a district court's denial of a compassionate release request. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion when it commits a clear error of judgment, "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* at 911–12 (internal quotation marks omitted).

## III.

Under § 3582(c)(1)(A), a district court may reduce an imposed term of imprisonment if, "after considering the factors set forth in [§] 3553(a)," it concludes that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with the applicable policy statement" in the Sentencing Guidelines: § 1B1.13. 18 U.S.C. § 3582(c)(1)(A); *see Bryant*, 996 F.3d at 1262. "[T]he only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described

23-10709                Opinion of the Court                5

by [§] 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

The application notes for § 1B1.13 set forth four categories of "extraordinary and compelling reasons" for purposes of compassionate release: (A) serious or terminal medical conditions, (B) advanced age, (C) family circumstances, and (D) "[o]ther [r]easons . . . [a]s determined by the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1. Under our precedent, courts may not decide the contents of that fourth catch-all category of other reasons—such discretion is reserved solely for the Director of the Bureau of Prisons. *See Bryant*, 996 F.3d at 1262–65.

Here, the district court did not err in denying Davis's motion. On appeal, Davis does not contend that his reasons for relief fall within any of the extraordinary and compelling circumstances listed in § 1B1.13. Instead, he argues that the district court improperly concluded that § 1B1.13 contained an exhaustive list of reasons that could justify his compassionate release—asserting that § 3582(c)(1)(A) empowers courts to identify other extraordinary and compelling reasons for relief so long as those justifications are "consistent with" those in § 1B1.13.

This argument is foreclosed by our precedent in *Bryant* and *Giron*. *Bryant* held that "district courts are bound by the . . . definition of 'extraordinary and compelling reasons' found in [§] 1B1.13," and therefore they must apply that definition when assessing motions for compassionate release. 996 F.3d at 1262. Likewise, *Giron* instructed that "the *only* circumstances that can rise to the level of

extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by [§] 1B1.13." 15 F.4th at 1346 (emphasis added). Under our prior-panel-precedent rule, we are bound by the holdings of *Bryant* and *Giron* unless they have been "overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Thus, our precedent forecloses Davis's argument that district courts can identify extraordinary and compelling reasons for release outside of those contained in § 1B1.13.

Davis argues that the Supreme Court's recent decision in *Concepcion* v. *United States*, 142 S. Ct. 2389 (2022), overruled our precedent. We have recognized that an "intervening decision of the Supreme Court can overrule the decision of a prior panel of our court" so long as the Supreme Court's decision is "clearly on point." *Archer*, 531 F.3d at 1352 (internal quotation marks omitted).

The Supreme Court's decision in *Concepcion* did not overrule or abrogate our precedent that district courts may grant compassionate release only for the reasons listed in § 1B1.13. In *Concepcion*, the Supreme Court discussed the factors that a district court could consider when deciding sentence-reduction motions for crack-cocaine convictions under § 404 of the First Step Act of 2018. 142 S. Ct. at 2401–04. The Court held that when a district court was deciding whether to exercise its discretion and award an eligible defendant a sentence reduction, it could "consider other intervening changes of law . . . or changes of fact," reasoning that there were

no statutory constraints in place that prevented district courts from doing so. *Id.* at 2396, 2400.

Because *Concepcion*'s holding did not address compassionate-release motions, the decision did not overrule or abrogate our precedent in *Bryant* and *Giron* about the types of circumstances that are extraordinary and compelling enough for relief under § 3582(c)(1)(A). Indeed, *Concepcion* recognized that for some sentencing matters, Congress "limited district courts to considering only certain factors" by "requiring [them] to abide by the Sentencing Commission's policy statements"—citing § 3582(c)(1)(A) compassionate-release motions as an example where judicial discretion is "expressly cabined" by congressional decree. 142 S. Ct. at 2400–01. This differentiation shows that *Concepcion* is not "clearly on point." *Archer*, 531 F.3d at 1352 (internal quotation marks omitted).

Davis also challenges on appeal the district court's decision to deny his motion to stay. He says that the district court should have waited to see whether the Sentencing Commission's proposed amendment to § 1B1.13 would go into effect. But the district court had broad discretion in managing its docket and deciding when to rule on Davis's motion. *See McLaurin v. Terminix Int'l Co.*, 13 F.4th 1232, 1237–38 (11th Cir. 2021). We cannot say that the district court abused this discretion when it chose to rule on Davis's motion rather than waiting to see whether a proposed amendment to § 1B1.13 went into effect. Notably, as the government points out, nothing in the district court's ruling "prevents Davis from filing a future motion for compassionate release" if the proposed

8                          Opinion of the Court                    23-10709

amendment becomes part of the Sentencing Guidelines. Appellee's Br. at 5.[1]

**AFFIRMED**

---

[1] Relatedly, Davis asks us to stay his appeal until the proposed amendment to the Sentencing Guidelines goes into effect. We decline to do so for the reasons set forth above.